GAUF, Respondent, vs. MILWAUKEE ATHLETIC CLUB, Appellant.

*November 20—December 10, 1912.*

*Master and servant: Wrongful discharge: Measure of damages: Mitigation: Pleading: Evidence.*

1. Where one hired for a given term is wrongfully discharged his right to recover is limited to his actual loss, which is *prima facie* the stipulated wages which he was prevented from earning; but he is bound to use reasonable efforts to secure other employment, and the damages are to be reduced by what he earned, or by the exercise of reasonable diligence might have earned, during the period.
2. Such mitigation of damages, to be available to defendant, must be pleaded. It is not enough to plead merely that plaintiff did not make any effort to obtain work after his discharge, but it must also be alleged that he might have obtained work by the exercise of reasonable diligence, unless the circumstances are such that the latter fact must be presumed.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

Action to recover for breach of contract to employ plaintiff at stipulated compensation per month.   The alleged period of employment was during June, 1910, and the compensation $155.   It was claimed that plaintiff was discharged without cause on the 6th day of the month and so was prevented from. earning the agreed compensation for the rest of the month. Defendant claimed that plaintiff was employed, subject to be discharged at pleasure, and that he was discharged accordingly.   On the evidence and verdict plaintiff was entitled to the amount for which judgment was rendered.

For the appellant there was a brief by *Carroll & Carroll,* and oral argument by *G. J. Carroll.*

*F. H. Gugel,* for the respondent, cited, among other cases, *Babcock v. Appleton Mfg. Co.* 93 Wis. 124, 127, 67 N. W. 33; *Winkler v. Racine W. & C. Co.* 99 Wis. 184, 187, 188, 74 N. W. 793; *Barker v. Knickerbocker L. Ins. Co.* 24 Wis. 630, 638; *Van Winkle v. Satterfield,* 58 Ark. 617, 25 S. W. 1113, 23 L. R. A. 853, 855.

MARSHALL, J.   Appellant was not permitted to introduce evidence of its having kept a tender good which was made after commencement of the action.   That was not prejudicial in any event, because the result of the trial shows that the tender was insufficient.

Appellant was not permitted to prove that respondent did not make any effort to obtain work after he was discharged, nor permitted, on the trial, to amend the answer alleging such failure of effort.   The rejection of evidence was correct because it related to mitigation of damages and no basis was laid in the answer therefor.   The refusal of leave to amend was proper because the proposed amendment did not go far enough to be material.

*Prima facie,* in such a case as this, the measure of damages is a sum equal to the stipulated wages for the period the employee was prevented from earning in consequence of the

discharge; but, that is subject to mitigation by the amount the employee earned, or might by the exercise of reasonable diligence have earned, during such period. As usual, the mitigating circumstance, to be available, must be pleaded. Moreover, it is not sufficient to plead merely neglect to seek for employment, unless the circumstances are such that it must be presumed that employment was obtainable by exercise of reasonable diligence. The law in respect to the matter is very familiar,—in fact about as well known as anything of a purely elementary nature. This court has often dealt with the subject. *Danley v. Williams,* 16 Wis. 581; *Barker v. Knickerbocker L. Ins. Co.* 24 Wis. 630; *Winkler v. Racine W. & C. Co.* 99 Wis. 184, 74 N. W. 793.

The duty of the discharged employee, in the circumstances of this case, is not very definitely stated in the cases cited. Doubtless it was thought to be too familiar to require anything more than a general reference to the subject. That might not efficiently challenge attention to the precise rule in case of the reader not being grounded in the principles. In general, the same rule applies as in other cases of breach of contract, viz.: "The damages are such as may fairly and reasonably be supposed to have been in contemplation of both parties at the time they made the contract as the probable result of the breach of it," and it is the duty of the damnified party to use reasonable care to prevent unnecessary loss. In *Barker v. Knickerbocker L. Ins. Co., supra,* the trial court was asked to instruct the jury to the effect that voluntary idleness is regarded as a breach of duty, and if a party remains idle for the purpose of charging another, the law regards his act as a fraud upon such other person. And, therefore, if the plaintiff was wrongfully discharged by the defendant before his time had expired it was his duty to have sought employment elsewhere. The refusal to so instruct was held not error, because there was no evidence tending to show that there was employment within reasonable reach of the plaint-

iff; that defendant, in such case, must show that fact and not rest upon the mere claim that plaintiff made no effort to obtain employment.

While we approve of the trial court's ruling here, we must disapprove, most emphatically, of the reason which it gave therefor, viz.: that a discharged employee need not make any effort to obtain employment; that he may remain in voluntary idleness and efficiently claim full damages unless he rejected some offered employment. That has no support which we are aware of. It is contrary to principle and authority. In Wood's Law of Master and Servant (2d ed.) page 245, the subject is treated, as commonly, thus:

The discharged employee "is bound to use reasonable efforts to secure labor elsewhere. He cannot sit down supinely, and with folded hands, insist upon the payment of his wages, but must seek employment elsewhere, or at least use reasonable efforts to secure it." His right to recover of the employer "is limited to the actual loss," "which is the amount he would have received if he had been permitted to complete his contract, *less what he has earned in the meantime, or what he might have earned by due diligence in seeking employment.*"

In Sutherland on Damages (3d ed.) sec. 88, the rule is put this way:

"If a person hired for service for a given term is wrongfully dismissed he is entitled to the stipulated wages for the term of his engagement if that is his loss. It is *prima facie* his loss; but the law imposes upon him the duty to seek other employment; and to the extent that he obtains it and earns wages, or might have done so, his damages will be reduced."

*By the Court.*—The judgment is affirmed.