WAITE, Respondent, vs. ANDERSON, Appellant.

*January 11—January 28, 1913.*

*Master and servant: Wrongful discharge: Measure of damages: Pleading: Instructions to jury.*

1. In case of the wrongful discharge of an employee before the expiration of the time for which he was hired, if there is no plea or proof in mitigation of damages, he may recover a sum equal to the stipulated wages for the period during which performance on his part was prevented by such discharge.
2. Plaintiff sued for compensation for services, claiming that he was hired for an entire season. Defendant claimed that the hiring was at will, and that he had discharged plaintiff. He did not plead or prove anything in mitigation of damages. If the contract was as plaintiff claimed, his discharge was concededly wrongful. *Held,* that instructions under which the jury, in order to return a verdict for plaintiff, must find not only that his contract was for the whole season but also that he was not discharged, were too favorable to defendant and he cannot complain thereof.

APPEAL from a judgment of the circuit court for Langlade county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

Action to recover compensation for services performed in loading logs and for a lien thereon. The lien claim was abandoned, as it was admitted that plaintiff performed no services on the logs upon which the lien was sought. The jury found for the plaintiff, and defendant appealed.

For the appellant there was a brief by *Dillett & Larson,* and oral argument by *C. D. Dillett.*

For the respondent there was a brief by *Goodrick & Goodrick,* and oral argument by *A. B. Goodrick.*

VINJE, J. The issues made by the evidence were substantially these: Plaintiff claimed his contract of employment was for the entire season or until the 23d day of September, when the loading operations were finally abandoned. The defendant claimed the hiring was at will and that plaintiff was discharged on or about the 19th day of July, when the last loading was actually done, and that plaintiff was paid in full for all services rendered. The facts which probably gave rise to this dispute were briefly these: Plaintiff was to operate a gasoline engine and appliance used in loading logs from a lake onto cars. About the 12th of July the mill to which the logs were shipped burned, and active loading operations ceased the 19th. There was considerable evidence tending to support plaintiff's claim that it was expected that loading operations were to be resumed and that he was kept on hand for the purpose of operating the loader when they should begin loading again. As the assignments of error relate only to the giving of certain instructions, no further statement of the evidence is necessary.

One instruction excepted to is as follows:

"If you find by a fair preponderance of the evidence that the contract made between the parties was that the plaintiff

should receive full pay from the time he commenced work until the work was finally abandoned, then your verdict should be for the plaintiff."

The defendant assails this instruction on the ground that it ignored the defense of a discharge. There is, however, no plea in the answer that plaintiff was discharged and that he might have obtained other employment and so reduced damages, nor was there any evidence offered by defendant in mitigation of damages by showing that plaintiff might have obtained other employment from the time it is claimed he was discharged. If the contract was for the whole season the discharge was wrongful. Under such a state of pleadings and proof the instruction was correct. For in the case of a wrongful discharge of an employee, in the absence of plea and proof in mitigation of damages the amount of the recovery is the stipulated wages for the period performance was prevented by the discharge. *Gauf v. Milwaukee A. Club,* 151 Wis. 333, 139 N. W. 207.

The court also instructed the jury that if the contract was as the defendant claimed, then plaintiff could not recover. And, upon the request of the defendant, the court further instructed the jury that if plaintiff was discharged he could not recover. This latter instruction was manifestly prejudicial to plaintiff, for it left him without a remedy in case of a wrongful discharge, even though the jury found the contract was for the whole season. Under the instructions of the court the jury, in order to return a verdict for plaintiff, must find not only that his contract was for the whole season, but also that he was not discharged. Surely the defendant is in no position to justly complain of instructions so favorable to him. Under the pleadings and the proof, if the contract was as plaintiff claimed he was entitled to recover the stipulated wages for the entire period of the contract, even if he had been discharged, for concededly the discharge was wrongful if the contract was for the entire season. *Gauf v. Milwaukee A. Club, supra.* The jury, having returned a verdict

for the plaintiff, must have found under the instructions referred to that the contract was for the whole season, and that plaintiff was not discharged. The defendant therefore had the benefit of the defense of a discharge though not entitled thereto.

*By the Court.*—Judgment affirmed.