STATE EX REL. SCHMIDT, Respondent, vs. DISTRICT No. 2, TOWN OF RED SPRINGS, and others, Appellants.

*November 9, 1940—March 11, 1941.*

For the appellants there were briefs by *Fischer, Brunner & Strossenreuther* of Shawano, and oral argument by *O. V. Strossenreuther*.

For the respondent there were briefs by *Eberlein & Eberlein* of Shawano, and oral argument by *M. G. Eberlein, Jr.*

A brief was also filed by *John C. Doerfer,* city attorney of West Allis, as *amicus curiæ.*

The following opinion was filed December 3, 1940:

WICKHEM, J. This appeal presents three principal questions: (1) Whether, at the time she was denied a contract for the 1939–1940 school year, petitioner was a qualified teacher; (2) whether, assuming that she was, ch. 151, Laws of 1939, in force as of July of that year, which exempted common school district boards of a common school district operating and maintaining one, or more than one, one-room school from the provisions of the teachers' tenure law, is applicable, valid, and effective to destroy petitioner's tenure; (3) whether the damages awarded by the court were excessive or insufficient. There are various subsidiary questions in connection with each of the foregoing, but these will be sufficient to indicate the character of the controversy.

Respondent school district was a common school district operating a single one-room school. Petitioner is a married woman, who up to May, 1939, had taught the school continuously for sixteen years. The last contract under which she was employed was executed July 7, 1938, and expired with the closing of school on May 2, 1939. On July 1, 1934, A. L. Pahr, county superintendent of schools of Shawano county, issued petitioner a five-year teacher's certificate, which expired July 5, 1939. On June 17, 1939, the county superintendent issued petitioner a renewal certificate expiring by its terms July 5, 1944. Although ready and willing to undertake the duties of teaching during the year 1939–1940, petitioner was refused employment by the school board, and on July 1, 1939, another teacher was engaged.

Respondents' first contention is that the tenure statute, sec. 39.40, Stats., is of no avail to petitioner in this case because at the time when the contract was denied her she had no certificate to teach and was not a qualified teacher. This is based on sec. 39.40 (1) which defines teacher as "any person who holds a teacher's certificate and whose legal employment requires such certificate." There appears to be no question that up to July 1, 1939, by the terms of sec. 39.08, Stats., the county superintendent of schools had power to issue appropriate certificates to teachers in rural schools. There is likewise no doubt that by ch. 53, Laws of 1939, effective July 1, 1939, this power was vested in the state superintendent. Thus, when on June 17, 1939, the county superintendent of schools issued a new five-year certificate to petitioner, he still had the power by statute to issue such certificate. It is respondents' contention that since the old certificate did not expire until July 5, 1939, and the new certificate would not take effect until that time, the powers of the county superintendent to renew the certificate must be judged as of the date of the expiration of the old certificate. Respondents argue that if any other view were taken, the county superintendent, at any time during the five years for which the certificate runs, could renew it for another five years.

We are of the opinion that this contention is not valid. In the first place, the statute contains no limitations upon the county superintendent's power to renew at any time within the period, and it appears certain he had power, at least within a reasonably short time before the expiration of the old certificate, to issue a new one in order that the certificate holder might not be embarrassed by a break in her qualifications to teach. June 17th is not so unreasonably remote from the date of expiration as to be without the powers of the county superintendent. There is nothing in the statute to repel this

construction, and it accords with administrative practice and the practical necessities. In addition to this, it is to be observed that on July 1, 1939, when respondents declined to rehire petitioner and engaged another in her place, the old certificate had not expired. There has never been any question as to petitioner's qualification for a certificate, or that the state superintendent would have issued a new certificate had he not supposed the matter to be within the power of the county superintendent.

The next contention is that the tenure rights of petitioner were annulled by ch. 151, Laws of 1939. This law amended the teachers' tenure statute and exempted from its operation common school districts operating one-room schools. Respondent school district is within the exemption. This amendment took effect on passage and publication, and was enacted June 12, 1939. It is contended by petitioner that there is no internal evidence in the statute that it was intended to operate other than prospectively; that if it operates retroactively to affect the tenure of teachers who had already acquired the status, it is unconstitutional as an interference with petitioner's contract rights; and further, that there is no basis for the classification of one-room schools and other schools. A large portion of both briefs is taken up with a discussion of these constitutional questions, but we do not deem it necessary to determine them. It is enough that there is nothing in the act to indicate a legislative intent that it operate retroactively upon the status of teachers who have already acquired permanent tenure, and it is a fundamental rule of statutory construction that a retroactive operation is not to be given so as to impair an existing right or obligation otherwise than in matters of procedure, unless that effect cannot be avoided without doing violence to the language of the enactment. *In re Athlumney*, 2 Q. B. 551; 110 A. L. R. 782. In *Filipkowski v. Springfield F. & M. Ins. Co.* 206 Wis. 39, 42, 238 N. W. 828, it was said:

"It is one of the fundamental rules of construction that legislation must be considered as addressed to the future, not to the past. This rule will always be followed except in cases of remedial statutes, or where there is something on the face of the enactment putting it beyond doubt that the legislature intended it to operate retrospectively."

It is urged, without supporting citations, that the fact that the new act cut down the scope of the tenure law makes it a *quasi* repeal, and that the presumption that it was not intended to operate retroactively is either rebutted or inapplicable. We cannot assent to this contention. This is a mere amendment of an existing statute without any indication that it is to operate retrospectively, and we see no reason why the presumption should not operate. In view of this presumption, and the fact that there is nothing in the act to rebut it, the act must be construed to operate prospectively and hence not to affect petitioner's tenure.

Respondents' next claim is that the damages awarded are excessive. There is also a motion to review by petitioner, whose contention is that the award was insufficient. The award of damages was $704.90, which is a computation at $80 a month for the full teaching year subject to no deductions. It is not disputed that petitioner did not have any teaching job from the time she was refused employment by respondents, and has earned no wages since that time. The respondents' contention is based on petitioner's duty to mitigate damages by seeking employment. Petitioner's duty was to make reasonable efforts to get employment of like character at a place reasonably convenient to her. *Loos v. Geo. Walter Brewing Co.* 145 Wis. 1, 129 N. W. 645 (semble). The evidence shows such effort. On several occasions petitioner inquired of the county superintendent if there were any vacancies open in the county, and he told her that there were not. On two occasions the superintendent called her on the telephone to see about two vacancies. One of these was a position nearly thirty

miles from the place where petitioner taught, and this job lasted one week. The other was approximately eighteen miles from her place of residence, and this job lasted one week. On both occasions petitioner promptly came to Shawano to see about the positions, but they were filled by the time she got down there. One other school in Shawano county had a vacancy during the year. This was located about seven or eight miles from petitioner's residence, but this vacancy was filled within one day after it occurred and petitioner never heard of the vacancy. There is no ground for the view that petitioner did not make reasonable efforts to mitigate her damages. It is also claimed that by reason of not being employed as a school teacher, petitioner was able to dispense with the employment of a maid, and the allowance should be made for this. It is evident that this is not a proper item in mitigation. This is not money earned by petitioner.

Petitioner's motion to review discloses a peculiar situation. Although petitioner's contract for the 1938–1939 school year called for a salary of $80 a month, she was in fact paid $85 a month. The contract of petitioner for 1939–1940, which was never delivered, called for $85 a month. It is also pointed out that her successor was paid $85 a month. Her damages were assessed on the basis of $80 per month, and petitioner contends that they should have been assessed at $85. We are cited to no authority to the effect that the school board was required to renew her contract at $85 a month or to continue to pay her the extra $5 over and above the stipulation in the contract of the preceding year. Under these circumstances, the court properly assessed her damages at $80 per month.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, without costs, on March 11, 1941.