STATE EX REL. McKENNA, Appellant, vs. DISTRICT No. 8 OF THE TOWN OF MILWAUKEE and others, Respondents.

*May 19—June 16, 1943.*

*Milton T. Murray,* attorney, and *Arlo McKinnon* of counsel, both of Milwaukee, for the appellant.

For the respondents there was a brief by *Fred L. Luehring,* attorney, and *James C. McCarty* of counsel, both of Milwaukee, and oral argument by *Mr. McCarty.*

BARLOW, J. The question involved is whether the repeal of sec. 39.40, Stats., on June 4, 1941, destroys a teacher's permanent-tenure status fully acquired and obtained prior to the repeal.

The facts are not in dispute. Appellant, Warren McKenna, graduated from Milwaukee Teachers' College in 1926, and taught continuously in Milwaukee county from that time until June, 1942, and holds a teacher's life certificate entitling him to teach in the schools of the county of Milwaukee. He taught at Happy Hill school, town of Greenfield, Milwaukee county, for six years, and in September, 1933, was appointed principal and teacher at respondent school district, and thereafter acted as principal and taught in the school until June, 1942. On January 8, 1942, appellant was notified by the respondent board of his discharge, to take effect at the termination of the 1941–42 school year.

Sec. 39.40, Stats., was originally enacted in 1937 by ch. 374, entitled "An act to create section 39.40 of the statutes, relating to security in employment for teachers in certain schools." Sub. (1) thereof defines which teachers are affected. Sub. (2) provides, so far as it is material in this case, as follows:

"All employment of teachers as defined in subsection (1) of this section shall be on probation, and after continuous and

successful probation for five years in the same school system or school, either before or after the taking effect of this sec-tion, such employment shall be permanent during efficiency and good behavior and until discharged for cause."

It is conceded that appellant taught in this school for more than five years prior to the repeal of sec. 39.40, Stats. In 1939 this law was amended by ch. 121, which provided for the termination of tenure after the teacher became sixty-five years of age, and by ch. 151, which excepted from the operation of the law teachers who were employed by school districts which maintained one-room schools. Litigation followed these amendments to determine their effect and to secure their judicial interpretation.

Ch. 151, Laws of 1939, was construed in *State ex rel. Schmidt v. District No. 2,* 237 Wis. 186, 295 N. W. 36, and was held to operate prospectively, and that the petitioner who, previous to the enactment of the amendment, had attained permanent tenure as a teacher in a one-room school, did not lose such tenure by the amendment. In construing the law as amended the court said (p. 190) :

"It is enough that there is nothing in the act to indicate a legislative intent that it operate retroactively upon the status of teachers who have already acquired permanent tenure, and it is a fundamental rule of statutory construction that a retroactive operation is not to be given so as to impair an existing right or obligation otherwise than in matters of procedure, unless that effect cannot be avoided without doing violence to the language of the enactment."

*Morrison v. Board of Education,* 237 Wis. 483, 297 N. W. 383, construed the amendment to sec. 39.40, Stats., contained in ch. 121, Laws of 1939, which provided for the retirement of teachers at the age of sixty-five years. In deciding this case, the *Schmidt Case, supra,* was distinguished by calling attention to the fact that in the latter case there was no internal

evidence in the amendment to indicate an intention on the part of the legislature that the act was to operate retroactively. In the *Morrison Case, supra,* the court held that sec. 39.40 did not create a contractual relation, and, p. 487, quoted from *Dodge v. Board of Education,* 302 U. S. 74, 58 Sup. Ct. 98, 82 L. Ed. 57, as follows:

" 'The parties agree that a state may enter into contracts with citizens, the obligation of which the legislature cannot impair by subsequent enactment. They agree that legislation which merely declares a state policy, and directs a subordinate body to carry it into effect, is subject to revision or repeal in the discretion of the legislature. . . .

" 'In determining whether a law tenders a contract to a citizen it is of first importance to examine the language of the statute. If it provides for the execution of a written contract on behalf of the state the case for an obligation binding upon the state is clear. Equally clear is the case where a statute confirms a settlement of disputed rights and defines its terms. On the other hand, an act merely fixing salaries of officers creates no contract in their favor and the compensation named may be altered at the will of the legislature. This is true also of an act fixing the term or tenure of a public officer or an employee of a state agency. The presumption is that such a law is not intended to create private contractual or vested rights, but merely declares a policy to be pursued until the legislature shall ordain otherwise.' " See also *Phelps v. Board of Education,* 300 U. S. 319, 57 Sup. Ct. 483, 81 L. Ed. 674.

In applying the foregoing test the court then said (p. 488) :

"We discover no intent to create a statutory contract, and nothing to overcome the very strong presumption that this act simply declared a public policy in the important field of education—a policy to be pursued 'until the legislature shall ordain otherwise.' "

It follows that this was a policy created by statute and it is therefore subject to repeal or modification. *Will of Robinson,*

218 Wis. 596, 261 N. W. 725. The legislative history of the law leads to the conclusion that all teachers' tenure was to be abolished by the repealing act. The law was passed in 1937, and in 1939 two amendments were added placing limitations on the act, and in 1941 ch. 183 was enacted, entitled, "An act to repeal 39.40 of the statutes, relating to teacher security in employment," and reads as follows:

"Section 1. Section 39.40 of the statutes is repealed.
"Section 2. This act shall take effect upon passage and publication."

When the legislature repealed sec. 39.40, Stats., without any qualification or saving clause, they repealed all teachers' tenure law effective in the state of Wisconsin. They placed teachers and school district officers in the same position they were in before the passage of the tenure law in 1937. They abolished the public policy created at the time of the passage of the law. To hold otherwise would be failure to give effect to a repealing act, except as to transactions passed and closed.

Sec. 370.04, Stats., does not apply to a repealing act on policy. It preserves pending actions and has no reference to status acquired before the repeal. The law as laid down in 59 C. J. p. 1185, sec. 722, as follows:

"The general rule against the retrospective construction of statutes does not apply to repealing acts, and, in the absence of a saving clause or other clear expression of intention, the repeal of a statute has the effect, except as to transactions passed and closed, of blotting it out as completely as if it had never existed, and of putting an end to all proceedings under it. However, the repeal of a statute will not operate to impair rights vested under it, or to revive rights lost or taken away under the repealed statute, or to affect acts performed or suits commenced, prosecuted, and concluded under the former law."

applies in this case.

*By the Court.*—Order and judgment affirmed.