"BARKDULL, Judge.
Appellant, defendant below, seeks reversal of a final decree rendered in favor of the appellee, plaintiff below, in an action for injunction, damages and other relief arising out of an employment contract. The effect of the final decree adjudicated that the appellee-employee had been wrongfully discharged and, therefore, was entitled to recover his compensation for the balance of the employment period; adjudicated that the appellant corporation, as the employer, was obligated to re-purchase 250 shares of the capital stock of the corporation owned by the employee, at a purchase price of $2,500.00, and enjoined the *580 employee from violating a non-competing agreement which expires in 1962.
The appellant urges, among other things, that the appellant had a right to discharge the employee; that even if the employee was wrongfully discharged the employer was entitled to mitigation in the amount of damages awarded by virtue of income earned, and that a time limit should be established for the re-purchase of the stock.
There is ample evidence to support the chancellor’s finding that the employee was wrongfully discharged, and the final decree in this regard will not be disturbed.
After the employee was discharged, he was obligated to seek other employment that would not violate the restrictions of the non-competing agreement, which was a separate contract, and any sums of money earned during the period involved should mitigate or reduce the damages awarded in the form of salary that would have been earned over the balance of the term of employment. 35 Am.Jur., Master and Servant, § 57; 141 A.L.R. 670; 28 A.L.R. 747. The evidence before the chancellor was undisputed that during the period involved the employee earned $750.00, and this amount should mitigate or reduce the award for compensation to the employee.
The parties are in accord that the employee has tendered the return of the 250 shares of capital stock and that the corporation is willing to re-purchase same at the price of $2,500.00. The chancellor overlooked, in his final decree, fixing a time within which this purchase and exchange should take place.
The employee cross-assigned as error the failure to award interest on the compensatory damages. Interest, as such, was not sought by the complaint and was not called to the attention of the chancellor prior to the final decree. Moreover, the record fails to establish when the employee earned the $750.00, here ordered in mitigation; i. e., whether it was earned in the first or last month of employment period involved, all of which would be material in computing interest on the installments. Therefore, this point is not well taken.
The final decree is affirmed as to the award of compensatory damages, with directions to the chancellor to reduce the amount by the sum of $750.00 earned by the employee during the balance of the employment period, and to set a specific time within which the corporation shall purchase the capital stock held by the appellee.
Affirmed in part; reversed in part, and remanded with directions.