PRECISION SERVICE COMPANY, Respondent, v. SCHILL, d/b/a Ted's Auto Salvage, Appellant.

*No. 181. Argued September 5, 1973.—Decided October 2, 1973.*
(Also reported in 210 N. W. 2d 706.)

[12] *Id.*
[13] *State v. Richardson* (1969), 44 Wis. 2d 75, 82, 83, 170 N. W. 2d 775; *Taylor v. State* (1971), 52 Wis. 2d 453, 460, 190 N. W. 2d 208.

For the appellant there was a brief and oral argument by *Frederick A. Moegenburg*, of Milwaukee.

For the respondent there was a brief by *Charlton, Yanisch, Greco & Roffa,* attorneys, and *Ruben J. Cain* of counsel, all of Milwaukee, and oral argument by *Carlton Roffa.*

BEILFUSS, J. The principal issue is whether there is sufficient credible evidence to sustain the findings of fact which support the judgment.

There is no question as to the standard of review to be applied in this appeal wherein we scrutinize the findings of fact made by the trial judge without a jury.

The weight of the evidence and the credibility of the witnesses are within the province of the trial court as the trier of the facts. "Findings of the trial court are not to be disturbed on appeal unless they are contrary to the great weight and clear preponderance of the evidence. . . ." [1] " 'A trial court's finding of fact made on conflicting evidence should not be set aside if a judicial mind could, on due consideration of the evidence as a whole, reasonably have reached that conclusion. . . .' " [2]

A brief resumé of the facts is as follows:

The plaintiff, Precision Service Company, is engaged in the sale and maintenance of diesel and automotive supplies at Menominee Falls. The defendant, Albert Schill, operates Ted's Auto Salvage at Franklin, Wisconsin. Between June 1, 1970, and September 10, 1970, Schill, his wife, or an authorized associate, Glenn Fohr, purchased parts or left component parts at Precision Service to be serviced and picked up later. When these materials were picked up by Schill, his wife or Fohr, the practice generally was, unless cash was paid, to have the person picking up the articles sign an invoice. There are three invoices that were not signed by Schill, his wife or Fohr. Schill and his witnesses testified that if they did not pay cash or did not sign the invoice they did not pick up any of the materials as claimed by Precision. The shop employees of Precision testified that as to all transactions evidenced by all the invoices, Schill or his wife or Fohr ordered the materials or services described and picked them up. At the trial Schill admitted doing

---

[1] *Gordon v. Gordon* (1955), 270 Wis. 332, 339, 71 N. W. 2d 386.

[2] *Carey v. Dairyland Mut. Ins. Co.* (1968), 41 Wis. 2d 107, 114, 163 N. W. 2d 200; *McManus v. Hinney* (1967), 35 Wis. 2d 433, 441, 151 N. W. 2d 44; *Guinther v. Schucht* (1965), 26 Wis. 2d 97, 131 N. W. 2d 861; *C. Hennecke Co. v. Cardinal Boiler & Welding Corp.* (1962), 16 Wis. 2d 493, 498, 114 N. W. 2d 869; *Estate of Larsen* (1959), 7 Wis. 2d 263, 273, 274, 96 N. W. 2d 489.

business with Precision and having paid for a part of the account. His defense was that he did not order or get the materials or services set forth on the three disputed invoices (the disputed matters involve scarcely $300) and that no demand for payment had been made.

On cross-examination by Mr. Richard Yanisch, Precision's attorney, Schill denied he received a letter from Yanisch identifying the account, the amount due and demand for payment. He also denied receiving two telephone calls from Yanisch wherein he admitted owing the amount demanded.

After the defendant Schill rested his case, Yanisch asked the court for permission to withdraw from the case and permit a substitution of attorneys for the plaintiff. This request was granted and Yanisch was then called as a rebuttal witness for the plaintiff. Over objection he testified as to the two telephone calls and the letter, and produced a copy of the letter from Yanisch to Schill which was received as an exhibit.

Relying to a substantial degree upon the testimony of Yanisch as contrasted to that of Schill, the trial court resolved the question of the disputed invoices in favor of the plaintiff and entered judgment accordingly.

Under the review standards as set forth above there is ample credible evidence to sustain the findings of fact and the judgment must be affirmed.

On appeal the defendant Schill insists that it was improper for Yanisch to testify and error to allow him to do so. Under factual evidence and the procedural sequence of this case it was not error to allow Attorney Yanisch to testify. There is nothing in the record before us which could reasonably indicate that Yanisch had prior knowledge that Schill would deny receiving the letter and the telephone calls. Before Yanisch testified he withdrew as counsel in the case and another attorney, not a member of Yanisch's firm, was substituted.

We find no error in permitting Yanisch to testify, and no unethical conduct on the part of Yanisch as an attorney in his trial of the case and participating as a witness under the circumstances described. *See Peterson v. Warren* (1966), 31 Wis. 2d 547, 568, 143 N. W. 2d 560.

*By the Court.*—Judgment affirmed.