STATE EX REL. SCHILLING, Respondent, v. BAIRD and another, Appellants. [Case No. 239.]

STATE EX REL. KLINGLER, Respondent, v. BAIRD and another, Appellants. [Case No. 240.]

*Nos. 239, 240. Submitted under sec. (Rule) 251.54 October 3, 1974.—Decided October 29, 1974.*

(Also reported in 222 N. W. 2d 666.)

The cause was submitted for the appellants on the briefs of *Willis J. Zick,* Waukesha County Corporation Counsel, and for the respondents on the brief of *James D'Amato,* attorney, and *Neal P. Nettesheim* of counsel, all of Waukesha.

CONNOR T. HANSEN, J. This case is a sequel to *State ex rel. Klingler & Schilling v. Baird* (1972), 56 Wis. 2d

460, 202 N. W. 2d 31, and, therefore, it is not necessary to again set forth the factual background in detail.

Klingler and Schilling appealed their suspensions as deputy sheriffs to the circuit court and were reinstated. They then commenced the instant actions to recover back pay. The trial court determined that they were entitled to their entire back pay with no deductions for outside earnings during the suspension period. The appellants then appealed and this court reversed and remanded for further proceedings consistent with its opinion. *State ex rel. Klingler & Schilling v. Baird, supra.*

On remand, it was stipulated by the parties that Klingler was owed back pay of $11,499.16 covering the period of suspension, and that against this figure the appellants would receive a credit of $1,000 for earnings of Klingler from self-employment during a portion of the suspension period. Thus, the credit allowed the appellants on account of Klingler's work during part of the suspension period is not an issue in this appeal. There is no stipulation of a credit in regard to Schilling although it is stipulated that during the part of the suspension period in which he was able to obtain employment, he earned $3,869.13, and that his back pay for the entire suspension period amounted to $11,510.38. The trial court deducted the earned income from his back pay and made a net award in the sum of $7,641.25.

The trial court found, on remand, that both Klingler and Schilling made reasonable and diligent efforts to secure other employment in order to mitigate damages during the period of the suspension.

The trial court also held that Klingler and Schilling were not entitled to prejudgment interest on their back pay from the date that it would have been paid to them but for the suspensions.

*Issues.*

The following issues are raised by this appeal and the cross-appeals:

1. Is there a duty to seek employment during a period of suspension so as to mitigate damages?

2. If such a duty exists, did the trial court err in finding that Klingler and Schilling had satisfied their duty?

3. Are appellants entitled to a credit for the full earnings of Schilling during his period of suspension?

4. Are Klingler and Schilling entitled to interest on their back pay from the dates that it would have been paid to them but for the suspensions?

*Duty to seek employment.*

Appellants assert that they have a right to receive a credit against the wages owed Klingler and Schilling for that period of suspension in which Klingler and Schilling did not make reasonable and diligent efforts to obtain other employment and thereby mitigate his damages.

This court has consistently recognized the rule that a discharged employee has a duty to seek other employment, and that the employer has the right to a credit to the extent that the employee obtains work and earns wages, or might have done so. *Schiller v. Keuffel & Esser Co.* (1963), 21 Wis. 2d 545, 552, 553, 124 N. W. 2d 646; *Mitchell v. Lewensohn* (1947), 251 Wis. 424, 432, 29 N. W. 2d 748; *Gauf v. Milwaukee Athletic Club* (1912), 151 Wis. 333, 336, 139 N. W. 207.

The Wisconsin cases have further held that a discharged or suspended employee is not obligated to seek or accept other employment of a "different or inferior kind in order to minimize damages." *Schiller v. Keuffel & Esser Co., supra,* page 553; *Mitchell v. Lewensohn,*

*supra,* page 432; *State ex rel. Schmidt v. District No. 2* (1941), 237 Wis. 186, 191, 295 N. W. 36.

This court has held that the burden of establishing the lack of reasonable and diligent efforts by the employees to seek other employment and the availability of such employment is on the employer. *Schiller v. Keuffel & Esser Co., supra,* page 553; *Barker v. Knickerbocker Life Ins. Co.* (1869), 24 Wis. 630, 638. Thus, the question of whether such opportunities did exist is primarily a question of fact and as such relates not to the existence of a legal duty on the part of Klingler and Schilling, but to the sufficiency of the evidence proving a violation of that duty. The record indicates that prior to their suspensions, Klingler and Schilling did outside work: Klingler in the fields of excavating and snow removal; and Schilling in the field of roofing. Because of this previous employment experience, we do not hold that, as a matter of law, they were only obligated to seek employment in the field of police work in an effort to mitigate damages.

### *Efforts to find employment.*

The appellants contest the efforts of Klingler to seek other employment during the period of his suspension between September 14, 1970, and January 1, 1971. Subsequent to January 1, 1971, it is conceded that Klingler was self-employed and the earnings from such employment were credited against his back pay pursuant to the stipulation previously mentioned.

The period in question in regard to Schilling is from September 14, 1970, to March, 1971. Subsequent to March, 1971, Schilling was able to obtain employment in various locations in Wisconsin and in Arizona, to which he moved in June, 1971.

The trial court reviewed the evidence and found that both Klingler and Schilling had made sufficiently diligent efforts to find other employment for the respective

periods of time and denied the appellants any credits for those periods.

As previously stated, the burden of proof on the issue of failure to mitigate damages is on the employer. This court stated the rule in *Barker v. Knickerbocker Life Ins. Co., supra,* page 638, as follows:

". . . The rule in such cases is, that although the damages may be so reduced, yet the burden is on the defendant to show affirmatively that the plaintiff might have had employment and compensation elsewhere. . . ."

The appellants introduced no evidence that any alternative employment was available to either Klingler or Schilling during the periods of time in question. It follows that the appellants have not sustained their burden of proof.

It is a well-established rule that on appeal, this court will not disturb the findings of a trial court unless they are against the great weight and clear preponderance of the evidence. *Precision Service Co. v. Schill* (1973), 60 Wis. 2d 346, 348, 210 N. W. 2d 706. We have reviewed the record and deem it unnecessary to set forth the evidentiary facts therein contained. However, after such a review, we conclude that it cannot be said that the findings of the trial court are against the great weight and clear preponderance of the evidence.

Appellants suggest that this court can take judicial notice of the fact that there are many types of employment available throughout Wisconsin, and particularly in the suburban area of Milwaukee, which are equal to or superior to a deputy sheriff's position.

This court has held that it can and will take judicial notice of matters of common knowledge. *Frederick v. Hotel Investments, Inc.* (1970), 48 Wis. 2d 429, 433, 180 N. W. 2d 562. However, we decline to take judicial notice of the suggested fact that other employment of a like character, with similar and not inferior terms and condi-

tions and in a place reasonably convenient, was available to these employees. *Schiller v. Keuffel & Esser Co., supra,* 553; *State ex rel. Schmidt v. District No. 2, supra,* 191.

## Credit for Schilling's earnings.

As we view the situation, this issue arises because of some facts that were not clearly present or understood on the first appeal in these cases. It now appears that Schilling's regularly assigned shift at the time of his suspension was from midnight to 8 a.m. It further appears that during 1970, and up until his suspension in September, 1970, he earned the additional sum of $3,369.24 as overtime pay for work from the sheriff's office. The total amount of his back pay for the suspension period was $11,510.38. During the period of his suspension, Schilling earned $3,869.13 from other employment. The trial court deducted this sum from the back pay owed, and awarded Schilling a net sum of $7,641.25.

The trial court, perhaps with justification, found some lack of clarity in our mandate [1] in the previous case. This, coupled with the previously unknown facts that Schilling worked the midnight-to-8 a.m. shift and also earned $3,369.24 overtime in the sheriff's office during 1970 and prior to his suspension, produced a difficult situation for the trial judge to resolve. However, even given this difficult situation, the intent of the mandate was correctly applied to the facts of this case by the trial court, which, in so doing, stated:

---

[1] ". . . In determining the difference between full back pay and earnings from other employment, two factors should be given mutual consideration. First, whether such earnings accrued during what would have been his regularly assigned hours of duty, and second, the amount of his earnings, if any, which he was receiving outside his regularly assigned hours of duty, immediately preceding his suspension." *State ex rel. Klingler & Schilling v. Baird, supra,* 468, 469.

". . . Counsel for the petitioner argues in effect that the County is not entitled to deduct any of the petitioner's earnings because none of these earnings were made between 12:00 A.M. to 8:00 A.M., the shift to which he was assigned as a deputy. With this conclusion the Court cannot agree. It lends itself to an almost absurd result. Under this interpretation all Schilling had to do was to refrain from getting a third-shift job and could then earn as much as he wanted or was fortunate to earn and would not be required to deduct any of it. . . ."

The appellants were entitled to credit for the earnings of Schilling from employment during his suspension when such employment was unrelated to outside or part-time employment held by Schilling prior to his suspension.

### Interest.

The parties are in substantial agreement as to the status of the present law in Wisconsin on this issue. In *Dahl v. Housing Authority of City of Madison* (1972), 54 Wis. 2d 22, 31, 194 N. W. 2d 618,[2] this court stated the general rule as follows:

" '. . . [B]efore interest can be recovered the amount claimed must be fixed or determined or readily determinable. . . .' "

In *De Toro v. DI-LA-CH, Inc.* (1966), 31 Wis. 2d 29, 34, 142 N. W. 2d 192, this court stated how the general rule was to be affected by the existence of an unliquidated setoff, counterclaim or cross-claim, as follows:

" 'The general rule is that in the absence of agreement to the contrary, liquidated damages bear interest, whereas unliquidated damages do not. 47 C. J. S., Interest, p. 28, sec. 19a; *Beck Investment Co. v. Ganser* (1951), 259 Wis. 69, 72, 47 N. W. (2d) 490. In order to recover interest there must be a fixed and determinate amount

---

[2] *See also: W. G. Slugg Seed & Fertilizer v. Paulsen Lumber* (1974), 62 Wis. 2d 220, 229, 214 N. W. 2d 413.

which could have been tendered and interest thereby stopped; the amount of the claim must be known and determined, or readily determinable. 47 C. J. S., Interest, p. 30, sec. 19b. Ordinarily, where the amount of a demand is sufficiently certain to justify the allowance of interest thereon, the existence of a setoff, counterclaim, or cross-claim which is unliquidated will not prevent the recovery of interest on the balance of the demand found due from the time it became due. 47 C. J. S., Interest, p. 31, sec. 19b. See also Anno. 3 A. L. R. 809.' "

We are of the opinion that the credit involved is not a setoff, counterclaim or cross-claim so as to bring this case under the rule of the *De Toro Case.*

In this case there is a genuine dispute as to the amount due. In the original action in the trial court, Klingler and Schilling took the position they were entitled to their full back pay. The appellants took a different view. The trial court agreed with the officers. On appeal, we reversed and remanded. Klingler and Schilling have continuously disputed the allowance of credit for other employment. They never provided the appellants with information on their suspension period earnings; therefore, it was impossible for the appellants, under any circumstances, to determine or compute an amount due so that it could be paid to avoid prejudgment interest. The genuineness of the dispute on the amount or the allowance of the credit is attested to by the two appeals and the cross-appeals to this court. The failure of Schilling and Klingler to furnish any information to the appellants concerning their suspension period earnings and their genuine dispute as to whether credit was allowable at all, made it impossible for the appellants to in any way reasonably determine the amount due.

*By the Court.*—Orders affirmed.