UNICO, INC., a Wisconsin
Corporation, Plaintiff,

v.

ACTON STREET CORPORATION f/k/a Zycron Systems, Inc., a Connecticut Corporation and Paul J. Landino, Defendants.

Paul J. LANDINO, Defendant/Counter-Plaintiff,

v.

UNICO, INC., a Wisconsin Corporation, Plaintiff/Counter-Defendant.

No. 93–C–913.

United States District Court,
E.D. Wisconsin.

June 15, 1995.

Reinhart, Boerner, Van Deuren, Norris & Rieselbach by Daniel J. La Fave and Scott W. Hansen, Milwaukee, WI, for plaintiff.

McBreen, McBreen & Kopko by Hugh G. McBreen, James Stern and Ann Stobl, Chicago, IL, Mitchell, Baxter, O'Meara & Mathie by Mark Schlei, Zieger Law Office by Lawrence P. Zieger, Milwaukee, WI, for defendants.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

On August 23, 1993, the plaintiff filed a four-count complaint against the defendants arising out of the purchase by the plaintiff of the assets of Zycron Systems, Inc. ["Zycron"]. The defendant, Paul Landino, the former president and a principal shareholder of Zycron, filed a counterclaim on March 24, 1994, alleging that the plaintiff violated the terms of their employment agreement and the implied covenant of good faith and fair dealing. Presently before the court is the plaintiff's motion in limine seeking a ruling that requires Mr. Landino's recovery of damages on his counterclaims, if any, be reduced by the $40,000 he earned after he quit working for UNICO. In addition, the plaintiff asks the court to rule that Mr. Landino is not entitled to obtain attorney's fees if he prevails on his counterclaims.

The defendants did not file a timely response to the plaintiff's motion in limine. Their application for an extension of time to file their response was denied, *UNICO v. Acton Street Corporation*, Case No. 93–C–913 (May 18, 1995), as was their motion to reconsider that determination, *UNICO v. Acton Street Corporation*, Case No. 93–C–913

(June 5, 1995). Thus, the only information before the court in connection with this motion is that contained in the plaintiff's motion and supporting brief.

## I. MITIGATION OF DAMAGES

For purposes of resolving the instant motion, the court recognizes the following facts which have been gleaned from the plaintiff's submissions. On August 21, 1990, UNICO purchased the assets of Zycron. Simultaneously with the acquisition, Mr. Landino entered into a three-year employment agreement with UNICO. Under the employment agreement, Mr. Landino agreed to "devote all of his business time, energy and skills to the performance of his duties hereunder." The employment agreement also contained a noncompete clause pursuant to which Mr. Landino promised to refrain from entering into or engaging in a business that competed with UNICO's "Zycron Division" during the term of his employment and for one year following his termination. (Counterclaim, Ex. B ¶¶ 6(a) & (b).)

In December of 1991, UNICO reorganized its management structure. The reorganization altered Mr. Landino's position and responsibilities. Mr. Landino was dissatisfied with the changes and resigned on January 31, 1992. At the time of his resignation, 19 months were left on the term of his employment agreement. Between February 1, 1992, and August 30, 1993, Mr. Landino earned approximately $40,000, in other employment.

In his counterclaim, Mr. Landino seeks to recover as damages the wages he would have received under the employment agreement had he remained at UNICO for the full term of the employment agreement. According to plaintiff's representations, Mr. Landino argues that UNICO is not entitled to use his post-termination earnings to reduce any damages he might recover because the noncompete clause in his employment agreement excused him from his duty to mitigate his damages.

▉ In diversity cases such as this one, courts are "constrained to determine the issues presented ... as [they] believe the Wis-

consin courts would have under the circumstances." *Kutsugeras v. AVCO Corp.*, 973 F.2d 1341, 1346 (7th Cir.1992). Moreover, it is permissible for the court to rule in limine on the controlling theory of damages for a particular claim. *See McCluney v. Jos. Schlitz Brewing Co.*, 540 F.Supp. 1100, 1101 (E.D.Wis.1982) (Gordon, J.).

▉ Under Wisconsin law, "an injured party is not entitled to be placed in a better position because of a breach of contract." *Handicapped Children's Bd. v. Lukaszewski*, 112 Wis.2d 197, 207 n. 2, 332 N.W.2d 774 (1983). In my opinion, allowing Mr. Landino to recover damages if he prevails on his counterclaim without reducing the award by the $40,000 would fly in the face of this general rule. It is undisputed that Mr. Landino could not have generated the $40,000 post-termination earnings had he remained at UNICO for the full term of the employment agreement because the agreement required him to devote his full time and efforts to his position with UNICO. Thus, if Mr. Landino is awarded damages on his counterclaims without taking account of the $40,000 earnings, he would be in a better financial position because of UNICO's alleged violation of the contract.

The court is also unaware of any controlling case law to support Mr. Landino's argument that he is "exempt" from the requirement that he mitigate his damages solely because his employment contract contained a noncompete clause. The existing case law suggests a contrary result.

In *Dehnart v. Waukesha Brewing Co.*, 21 Wis.2d 583, 595–596, 124 N.W.2d 664 (1963), the Wisconsin supreme court concluded that an employer was entitled to deduct unemployment compensation benefits from back-pay damages since "a party is not entitled to be placed in a better position because of the breach than he would have been in had the contract been performed." Similarly, the Wisconsin supreme court has held that an employer was entitled to offset an employee's earnings during his wrongful suspension when such employment was unrelated to outside or part-time employment held by the employee prior to his suspension. *State ex rel. Schilling v. Baird*, 65 Wis.2d 394, 401,

222 N.W.2d 666 (1974). According to the state supreme court, "a discharged employee has a duty to seek other employment, and ... the employer has the right to a credit to the extent that the employee obtains work and earns wages...." *Schilling*, 65 Wis.2d at 397, 222 N.W.2d 666 (citing *Schiller v. Keuffel & Esser Co.*, 21 Wis.2d 545, 552, 124 N.W.2d 646 (1963)).

Further, the state courts which have considered the applicability of the duty to mitigate in the presence of a noncompete clause have all determined that such duty is intact despite the existence of the clause. *See Atlas Ready–Mix of Minot, Inc. v. White Properties, Inc.*, 306 N.W.2d 212, 219 (N.D.1981); *Reed Construction Corp. v. Zimmerman*, 133 So.2d 579, 580 (Fla.Dist.Ct.App.1961). In view of the above, I will grant the portion of the plaintiff's motion in limine seeking an order requiring a $40,000 reduction of Mr. Landino's award, if any, on his counterclaims to account for his post-termination earnings.

## II. ATTORNEY'S FEES

 The plaintiff also argues that Mr. Landino is not entitled to recover attorney's fees should he prevail despite his request for such expenses. The decision to grant attorney's fees in a diversity action is controlled by state law. *Jackman v. WMAC Inv. Corp.*, 809 F.2d 377, 383 (7th Cir.1987). The plaintiff correctly states that Wisconsin law does not permit the recovery of attorney's fees in the absence of an express provision for such fees in a contract or statute. *Borchardt v. Wilk*, 156 Wis.2d 420, 426, 456 N.W.2d 653 (Wis.Ct.App.1990). Mr. Landino has not pointed to a contractual or statutory provision that allows him to recover his attorney's fees. Further, the court is not aware of any statute permitting the recovery of attorney's fees by a prevailing party in an action on an employment contract. Accordingly, the plaintiff's motion in limine requesting an order denying Mr. Landino's demand for attorney's fees will be granted.

Therefore, IT IS ORDERED that the plaintiff's motion in limine be and hereby is granted.

IT IS ALSO ORDERED that any award received by Mr. Landino on his counterclaim be and hereby is to be reduced by $40,000 to account for his post-termination earnings.

IT IS FURTHER ORDERED that Mr. Landino's demand for "reasonable attorney's fees" in connection with his claims against UNICO be and hereby is denied.