WIEDENHAUPT, Plaintiff and Respondent, v. VAN DER LOOP and another, Defendants: MUTUAL AUTOMOBILE INSURANCE COMPANY OF WISCONSIN, Defendant and Appellant.

*October 8—November 5, 1958.*

312

For the appellant there was a brief by *Holden & Schlosser* of Sheboygan, and oral argument by *Wayne W. Schlosser.*

For the respondent there was a brief by *Sigman, Sigman & Shiff* of Appleton, and oral argument by *Abraham Sigman.*

For the defendants there was oral argument by *John W. Poole* of Sheboygan, and by *Robert W. Lutz* of Chilton.

HALLOWS, J.   The question presented on this appeal is whether the cause of action is one for damages caused by the negligent operation, management, or control of a motor vehicle within the meaning of those terms as used in sec. 260.11, Stats.  While the pleadings and the affidavits in support and in opposition to the motion for summary judgment raise questions of fact they are not material to the issue before us.  Such issues of fact pertain to the liability of the appellant and not to the nature of the cause of action or the applicability of sec. 260.11.

The appellant contends that the undisputed fact that the truck and semitrailer was not moving at the time of the accident conclusively shows the cause of action is not one for negligent operation and the undisputed fact no one was behind the wheel or at the controls of the truck conclusively shows there was no cause of action for negligent management or control of a motor vehicle.  The respondent contends that sec. 85.93 (renumbered sec. 204.30 (4) in 1957) and sec. 260.11, Stats., construed together authorize the bringing of a direct action against an insurance company.

Under its policy the appellant undertook in coverage A "To pay on behalf of the insured all sums which the insured

shall become legally obligated to pay as damages . . . sustained by any person, caused by accident and arising out of the ownership, maintenance, or use of the automobile." The policy also contained a no-action clause which provides that no action shall lie against the company until the amount of the insured's obligation to pay shall have been finally determined by judgment against the insured after actual trial. Paragraph 25 of the policy provides that if the policy is in conflict with any statutes in the state in which it is issued it is deemed to be conformed to the terms of the statutes. It is undisputed this policy was issued in Wisconsin and the appellant is a domestic insurance company.

The conditions of sec. 85.93, Stats., if not incorporated by paragraph 25 of the policy must be deemed and construed to be a part of the policy. Regardless of the nature of the plaintiff's cause of action the appellant's policy is one of insurance covering liability to others by reason of the operation of a motor vehicle. Sec. 85.93 of itself does not affect the no-action clause in the policy. This court held in *Morgan v. Hunt* (1928), 196 Wis. 298, 220 N. W. 224, that sec. 85.25 (which was later amended and renumbered sec. 85.93) imposed upon the insurance carrier a direct liability to the injured person in all cases which came within the terms of the policy. The section dealt with the liability of the insurance carrier but did not affect the time when the action might be commenced against the insurer. The no-action clause in the *Morgan Case* was held not to be in conflict with the provisions of sec. 85.25. Two years later this court decided in *Bergstein v. Popkin* (1930), 202 Wis. 625, 233 N. W. 572, that sec. 85.25, as amended and renumbered sec. 85.93, Stats. 1929, did not render ineffective a no-action provision in the policy postponing the time for the commencement of the action against the insurer until the damages had been ascertained against the insured.

After the *Bergstein Case* sec. 260.11, Stats., was amended by ch. 375, Laws of 1931, making an insurer a proper party defendant in an action for damages caused by the negligent operation, management, or control of a motor vehicle. This amended section was considered in *Lang v. Baumann* (1933), 213 Wis. 258, 251 N. W. 461, and this court held a direct action could be brought under the amended section against an insurer even though a no-action clause was contained in the policy.

The gist of the appellant's argument is that the plaintiff's cause of action is not one that falls within the terms of sec. 85.93, Stats., for direct liability or sec. 260.11 for immediate joinder or direct suit because the cause of action is not based on negligent operation, management, or control of the motor vehicle at the time of the accident. This requires a construction of the language of these two sections. Sec. 85.93 provides:

"Any bond or policy of insurance covering liability to others by reason of the operation of a motor vehicle shall be deemed and construed to contain the following conditions: That the insurer shall be liable to the persons entitled to recover for the death of any person, or for injury to person or property, irrespective of whether such liability be *in praesenti* or contingent and to become fixed or certain by final judgment against the insured, when caused by the negligent operation, maintenance, use, or defective construction of the vehicle described therein, such liability not to exceed the amount named in said bond or policy."

This section deals with the type of insurance policy or bond. By its terms sec. 85.93, Stats., must be deemed and construed to be contained in the appellant's policy of insurance which covers liability to others by reason of the operation of a motor vehicle because it provides coverage to pay damages caused by accident and arising out of the ownership, maintenance, or use of an automobile.

The direct liability to a third person, which must be read into the policy, covers injuries "when caused by the negligent operation, maintenance, use, or defective construction of the vehicle described therein." The cause of action described in the complaint is within the language of sec. 85.93, Stats., and also within the language of the policy, "caused by accident and arising out of the ownership, maintenance, or use of the automobile." The case of *Fitzgerald v. Milwaukee Automobile Ins. Co.* (1938), 226 Wis. 520, 277 N. W. 183, is not in point. In that case the policy expressly provided for the exclusion of liability resulting from negligence while loading and unloading the insured's truck at the time of the accident.

The appellant further contends that sec. 260.11, Stats., does not allow a direct action against an insurance company unless the action is one for damages caused by negligent operation. Sec. 260.11 is cast in terms of a cause of action for damages caused by the negligent operation, management, or control of a motor vehicle. The complaint alleges the cause of action within the meaning of these terms. The two facts relied upon by the appellant, namely, the truck was parked and not in motion, and no one was at the wheel of the vehicle at the time of the accident, do not necessarily take the situation out of or make the cause of action one not covered by sec. 260.11, 30 W. S. A., p. 39. The words "operation, management, or control of a motor vehicle" appearing in sec. 260.11, 30 W. S. A., p. 39, cannot be construed narrowly to mean a motor vehicle must be moving, no matter how slowly, in order for the section to apply. This section is remedial and must be liberally construed. The word "operation" is not to be restricted to only a moving vehicle, and the word "control" cannot be construed to apply only to a situation where a person is sitting behind the wheel of a motor vehicle. Here the defendant Hauser drove the

semitrailer to the farmyard and backed it up to the barn to load it with hay for immediate transportation. While the truck and trailer was being used and operated for that purpose and while under the direction of the defendant the plaintiff was injured. We see no difference between the semitrailer striking the plaintiff and his foot breaking through the floor board of the trailer where both resulted from the negligent operation of the semitrailer by the defendant. We conclude that sec. 260.11, 30 W. S. A., p. 39, is broad enough to cover the cause of action pleaded by the plaintiff. The defendant's motion for summary judgment was correctly denied by the court.

*By the Court.*—Order appealed from affirmed.

MARTIN, C. J., and BROWN, J., took no part.