KANIOS, by Guardian *ad litem,* and another, Plaintiffs, v. FREDERICK and others, Defendants and Appellants: MUTUAL SERVICE CASUALTY INSURANCE COMPANY, Impleaded Defendant and Respondent.

*April 6—May 3, 1960.*

360

For the appellants there was a brief by *La France, Thompson, Greenquist, Evans & Dye* of Racine, for Robert Backlund and the State Farm Mutual Automobile Insurance Company, and by *Heft, Coates, Boggs & Heft* of Racine, for Julia M. Frederick and the Maryland Casualty Company, and oral argument by *William E. Dye* and *Glenn R. Coates.*

For the respondent there was a brief by *Whaley & Whaley* of Racine, and oral argument by *Vilas H. Whaley* and *John V. Whaley.*

FAIRCHILD, J. The circuit court was of the opinion (1) that there is an issue to be tried as to whether or not Bruch was causally negligent with respect to his signal to Mrs. Frederick (the phrasing of the opinion suggests that this was conceded by Mutual Service); (2) that if Bruch's act be deemed negligence and a cause of plaintiff's injuries, such injuries did not arise out of ownership, maintenance, or use of the sweeper, and Bruch's liability for them was not covered by the Mutual Service policy; and (3) that the sweeper was stopped on the highway for the purpose of allowing Mrs. Frederick to pass; such stopping was not a violation of sec. 346.51, Stats., and in any event did not cause Mrs. Frederick's inability to see to the south. We agree with the first proposition, but not with the second. Accordingly, Mutual Service was not entitled to summary judgment, and the third conclusion becomes immaterial at this stage.

Our reasons for holding that Bruch's liability, if any, because of his actions in signaling to Mrs. Frederick is covered by the policy are as follows: Bruch was in control

of a vehicle covered by the policy. It was on the highway, and in operation in every sense except that momentarily it was not in motion when Bruch made his signal to Mrs. Frederick. The significance he intended his signal to have and whether she reasonably interpreted its meaning are not important in deciding the issue of coverage. Whether Bruch was motivated by duty, courtesy, impatience, or desire to protect his own safety, his signal was of the sort that one user of the highway customarily gives to another for some purpose connected with his own use of the highway. Such signals, we conclude, are incidents of operation of a vehicle. Injuries caused by such signals, if negligently given, arise out of the use of the vehicle. The fact that the signal was given when the vehicle was momentarily motionless is not a sound reason for denying a relationship between the giving of the signal and the use of the vehicle.

In *Wiedenhaupt v. Van Der Loop* (1958), 5 Wis. (2d) 311, 317, and 318, 92 N. W. (2d) 815, the plaintiff claimed that his injury resulted from falling through the defective platform of a trailer while it was motionless and being loaded. We held the action was one for damages caused by negligent operation of the vehicle, and applied sec. 260.11, Stats. We said, at page 317, "The word 'operation' is not to be restricted to only a moving vehicle."

In *Schroeder v. Chapman* (1958), 4 Wis. (2d) 285, 293, and 294, 90 N. W. (2d) 579, county employees were operating its truck in such fashion that the highway was blocked. Negligence was predicated upon failure to give warning of this operation at a considerable distance from the truck. It was argued that the negligence as to warning had no relation to the operation of the truck, and therefore sec. 85.095 (2), Stats., imposing liability for negligent operation, was inapplicable. We said, at page 293, that "The blocking of the highway and the giving of a proper warning are necessarily intermingled."

We there distinguished *Raube v. Christenson* (1955), 270 Wis. 297, 70 N. W. (2d) 639, relied on by Mutual Service. There it was alleged that plaintiff was injured because the county employees had negligently covered a stop sign with snow while clearing the streets, ten days or more before plaintiff's injury. We said, at page 294, that in the *Raube Case*, "The condition complained of was the result of the operation, not the operation itself, . . ."

We conclude, therefore, that if Bruch be liable because he was causally negligent in giving the signal, such liability arose from the use of the vehicle, and is within the coverage of the Mutual Service policy.

*Motion to strike bill of exceptions.* Mutual Service supported its motion for summary judgment by an affidavit of one of its counsel, stating that Bruch and Kingsley were examined adversely; that the affidavit was based on the sworn testimony produced at the adverse examinations and "that the adverse examinations of said impleaded defendants are made a part of this affidavit." The other parties apparently objected to the court's consideration of the Bruch and Kingsley depositions, although the affidavits presented by them made reference to the same depositions and that of Mrs. Frederick, and quoted portions of them. The circuit court considered that all three depositions were properly before the court under *Commerce Ins. Co. v. Merrill Gas Co.* (1955), 271 Wis. 159, 72 N. W. (2d) 771. Appellants apparently opposed the inclusion of the depositions in the record returned to this court on appeal, and thereafter counsel for Mutual Service followed the procedure for settlement of a bill of exceptions, and obtained an order settling the depositions of Bruch and Mrs. Frederick as the bill of exceptions. It was transmitted to this court as a supplemental return. Appellants moved for an order striking it.

The record leaves us in some doubt whether the procedures outlined in *Commerce Ins. Co. v. Merrill Gas Co.*,

*supra,* were strictly complied with. It makes little difference since there is nothing in the depositions which alters the conclusion reached independently of them.

We think, however, that the use of depositions on motion for summary judgment should be made as simple as possible, consistent with orderly procedure and clear identification of the papers before the court in connection with the motion. Presumably, when a motion for summary judgment is made, the original depositions are sealed and in the custody of the clerk, and in most cases copies are in the hands of the several counsel. Under such circumstances, if part or all of the depositions be incorporated by reference in an affidavit supporting or opposing the motion, the court could properly open the depositions under sec. 326.10, Stats., and consider them. For the purpose of identification, it would be desirable practice for the clerk to attach his certificate to the original depositions indicating that they had been opened for use in connection with the motion. In the event of appeal, the clerk would include the original depositions in the record transmitted to this court. They, as well as the opposing and supporting affidavits, would constitute papers upon which the order granting or denying summary judgment was based, and therefore proper for inclusion in the record on appeal. Supreme Court Rule 1 (6), sec. 251.251 (6), Stats. See *Brazy v. Brazy* (1958), 5 Wis. (2d) 352, 362, 92 N. W. (2d) 738, 93 N. W. (2d) 856. No bill of exceptions would be necessary. In fact, there is no statutory provision for a bill of exceptions except after trial of an issue of fact. Sec. 270.43.

Where copies of the depositions are in the hands of all parties, it seems unnecessary paper work to recopy and serve them. When counsel incorporating the deposition fails to supply a copy to other counsel who did not obtain one, or where the deposition is so voluminous that counsel ought, in fairness, to specify the portions on which he relies, the

trial court would have discretion so to order upon proper application.

The motion to strike the bill of exceptions is denied.

*By the Court.*—Judgment reversed; cause remanded for further proceedings according to law.