HANSEN, Respondent, v. SCHMIDMAN PROPERTIES, INC., and another, Appellants.

*November 1—November 29, 1960.*

For the appellants there was a brief by *Bendinger, Hayes & Kluwin,* attorneys, and *Gerald T. Hayes* of counsel, all of Milwaukee, and oral argument by *Gerald T. Hayes.*

For the respondent there was a brief and oral argument by *Edward P. Rudolph* of Milwaukee.

FAIRCHILD, J. Even if we assume that defendants had the same duties with respect to the driveway apron as they did with respect to the customer-parking lot, plaintiff's description of the icy tire tracks on which he fell, and his sur-

mise that they had not been icy for very long, makes it doubtful, whether, upon trial, he can establish that the surface was not as safe as the nature of the place would reasonably permit; that defendants were negligent in inspection or maintenance, or that any of their omissions constituted a nuisance. Defendants did not, however, supply any evidentiary facts to refute the allegation that the lighting was inadequate. They appear to pursue this appeal on the theory that they have shown that the driveway apron was part of the highway; that defendants did not have the duties of owner or employer with respect thereto, and that this is a defense sufficient to defeat the plaintiff.

The affidavit filed on behalf of defendants on this issue merely sets forth the conclusion of defense counsel that public records indicate dedication of the area between the sidewalk and the curb. Ownership is an issue under the pleadings, and the affidavit does not set forth evidentiary facts sufficient to establish the alleged dedication. *Becker v. La Crosse* (1960), 9 Wis. (2d) 540, 546, 101 N. W. (2d) 677.

It is defendants' position that the driveway apron could not be a place of employment if it is part of the highway, and that defendants' duties with respect to conditions thereon would be no greater than they are with respect to conditions on the public sidewalk or the street between the curb lines. They suggest that under sec. 81.15, Stats., the city was primarily responsible for maintenance of the driveway apron as part of the highway. We deem it unwise to attempt, upon the present record and the briefs which have been submitted, to decide what the result would be if defendants had established that the area between the walk and the curb had been dedicated as part of the public highway.

*By the Court.*—Order affirmed.