Kubiak and another, Appellants, v. General Accident Fire & Life Assurance Corporation, Ltd., Imp., Respondent.

*November 30, 1961—January 9, 1962.*

For the appellants there was a brief by *Ray T. McCann,* and oral argument by *Leonard L. Loeb,* both of Milwaukee.

For the respondent there was a brief by *Arnold, Philipp, Murray & O'Neill,* attorneys, and *James P. O'Neill* of counsel, all of Milwaukee, and oral argument by *James P. O'Neill.*

DIETERICH, J.   The only issue presented on this appeal is whether the defendant-respondent General Accident Fire & Life Assurance Corporation's automobile fleet policy and affidavits set forth sufficient evidentiary facts, including documents, so as to establish that the automobile fleet policy of insurance issued by it did not provide coverage for the defendant, Donald J. Kuhlman.

If there are any unresolved material questions of fact existing in the record the court will not grant summary judgment, for it is the function of the court to determine if such questions exist and not to resolve material questions of fact or to draw inferences which may be doubtful or uncertain. *Zezblatt v. Sampson* (1961), 12 Wis. (2d) 303, 107 N. W. (2d) 122.   The rules governing the granting and denial of motions for summary judgment were summarized in *Voysey v. Labisky* (1960), 10 Wis. (2d) 274, 277, 103 N. W. (2d) 9, and quoted with approval in the *Zezblatt Case, supra* (p. 309), as follows:

" 'The rule is well established in this state that when it is shown there is a substantial issue of fact, or when the evidence on a material issue is in conflict, or if the inferences to be drawn from credible evidence are doubtful and uncertain, the motion for summary judgment should be denied. Likewise, when there is credible evidence which under any reasonable view will either support or admit of an inference in support or in denial of a claim of either party, it is for the jury to draw the proper inference and not for the court to determine which of two or more permissible inferences should prevail. *Elder v. Sage* (1950), 257 Wis. 214, 42 N. W. (2d) 919. We have often said that the power of the courts under the summary-judgment statute (sec. 270.635, 33 W. S. A., p. 309) is drastic and should be exercised only when it is plain there is no substantial issue of fact or of permissible inference from undisputed facts to be tried.' "

On November 4, 1960, defendant, Donald J. Kuhlman, testified on adverse examination that at the time of the accident he was employed by the city of Milwaukee, in the street sanitation department, that he worked from 7 :30 a. m. to 3 :30 p. m., and that the collision occurred "about quarter after 3." He further testified that on orders from one Bill Krause he was taking tools in his car to a job that was to start the following day, and that at that time there were no city-owned vehicles available to carry the tools.

After the adverse examination, Kuhlman was again examined on his own behalf, and testified that he was employed by the city of Milwaukee as a laborer on a city ash crew and that the tools he moved in his car were ashman's tools; that he had knowledge of two or three instances when city supervisors used city crew members to transport city tools with their own automobile; that Krause had done this before and that Krause was notified of the accident the day following its occurrence.

The defendant-respondent, General Accident Fire & Life Assurance Corporation, in support of its motion for summary judgment, attached to its supporting affidavit a copy of its policy of insurance and indorsements. One indorsement attached to the policy is the "Automobile Fleet Plan" which includes a schedule which was to list all automobiles owned by the insured. No such list is given, instead there is typed on the schedule the words, "See Schedule Attached." No schedule is in fact attached. However, there is an affidavit by Lloyd D. Knapp, commissioner of public works for the city of Milwaukee, in which he states that:

"He is in possession of and has ultimate supervision and control of the policy . . . including the schedule of vehicles covered . . . under said accident policy; . . . that . . . said schedule of vehicles covered, did not and does not in-

clude the automobile owned and operated by Donald J. Kuhlman, . . ."

In sec. III—Definition of Insured—the policy states:

"(a) . . . the unqualified word 'insured' includes the named insured and, . . . includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured . . . or with the permission of either. The insurance with respect to any person or organization other than the named insured . . . does not apply."

The definition of the word "automobile" as used in the policy is determinative of whether Kuhlman was covered by the policy in evidence as coverage is afforded to the named insured only while driving the automobile. Kuhlman as an employee of the city of Milwaukee is clearly a "named insured" under a policy where the "named insured" is given as "City of Milwaukee, its officers, agents, and employees." The only question remaining is whether Kuhlman was using "the automobile" as defined and covered by the policy.

Sec. IV—Automobile Defined—reads as follows:

"(a) Automobile . . . except where stated to the contrary, the word 'automobile' means:
"(1) Described Automobile—the motor vehicle . . . described in this policy or, if none is so described, any private passenger automobile owned on the effective date of this policy by the named insured . . ."

The policy in issue twice refers to "See Schedule Attached" which schedule is described by serial No. End. A–3941 in Item 4 of the policy declaration. No schedule is in fact attached to the policy. If such a schedule does not exist the second clause of sec. IV above is applicable, to wit: "Any . . . automobile . . . owned . . . by the named insured." Kuhlman is a named insured and owned the auto-

mobile involved in the collision. Unless the schedule limits coverage to vehicles owned by the city of Milwaukee under the terms of the fleet policy, Kuhlman's vehicle would be entitled to coverage.

Sec. 270.635, Stats.,[1] entitled "Summary judgments" requires that before a judgment be entered in favor of a moving party upon his supporting affidavits, such affidavits must set forth evidentiary facts, including documents relied upon. It is an elementary principle of law that the moving party has the burden of proof. In the present case, this requires that the party moving for summary judgment must produce the documents supporting such motion. If such documents are available, but not produced at the trial, an affidavit purporting to state their contents will not meet the burden of proof placed upon the moving party.

The affidavit filed on behalf of defendants merely sets forth the conclusion of Lloyd D. Knapp that the schedule does not contain a description of the automobile owned by Kuhlman. Whether the schedule does or does not contain such description, is a material issue in this case and the affidavit does not set forth evidentiary facts sufficient to establish the alleged nonlisting of Kuhlman's vehicle in the schedule. See *Hansen v. Schmidman Properties* (1960), 12 Wis. (2d) 1, 106 N. W. (2d) 328, and *Becker v. La Crosse* (1960), 9 Wis. (2d) 540, 101 N. W. (2d) 677.

McCormick, Evidence (hornbook series), p. 409, sec. 196, states:

---

[1] "SUMMARY JUDGMENTS. (1) Summary judgment may be entered as provided in this section in any civil action or special proceeding.

"(2) The judgment may be entered in favor of either party, on motion, upon the affidavit of any person who has knowledge thereof, setting forth such evidentiary facts, including documents or copies thereof, as shall, if the motion is by the plaintiff, establish his cause of action sufficiently to entitle him to judgment; . . ."

". . . in proving the terms of a writing, where such terms are material, the original writing must be produced, unless it is shown to be unavailable for some reason other than the serious fault of the proponent."

This court has likewise adopted the rule that the best-evidence rule which requires proof of the contents of: the. writing by the writing itself but, of necessity, in order to prevent a miscarriage of justice, contents of a document may be proved by other means when the writing is unavailable or for some other legitimate reasons it is not possible or feasible to produce the original document. See *Shellow v. Hagen* (1960), 9 Wis. (2d) 506, 101 N. W. (2d) 694.

A fleet insurance policy, such as is relied upon in the instant case, should be written in clear, concise language so as to disclose to the average individual the exact coverage which is afforded under the terms of the written instrument.

The record fails to disclose any reason for the failure to produce either the original schedule or a copy thereof which is claimed to be a part of the policy which would exclude coverage to Kuhlman, the employee or agent of the city of Milwaukee.

It therefore necessarily follows that the schedule must be produced in order to avoid liability under the terms of the policy of insurance.

*By the Court.*—Judgment reversed, cause remanded for further proceedings not inconsistent with this opinion.

GORDON, J., took no part.