MOSING, Respondent, v. HAGEN and another, Appellants.

*January 9—January 31, 1967.*

638

For the appellants there was a brief by *Crowns, Crowns, Merklein & Midthun* of Wisconsin Rapids, and oral argument by *Robert J. Merklein.*

For the respondent there was a brief by *Peickert, Anderson, Fisher, Shannon & O'Brien* of Stevens Point, and oral argument by *John E. Shannon, Jr.*

BEILFUSS, J. Basically there are three issues presented by this appeal:

(1) Does sec. 262.13 (3), Stats., require the court to declare the service of the summons void?

(2) Did the deposit of the summons together with the transcription of a discovery deposition in a sealed envelope with the clerk of court constitute filing?

(3) Was sec. 262.13 (3), Stats., properly noticed for hearing and is it a valid rule of court?

Sec. 262.13, Stats., in part, provides:

"**Summons, filing.** (1) The summons shall be filed with the clerk of the court in which the action is brought and the clerk's fee and state suit tax, if applicable, paid, as follows:

"(a) Where there has been service on any defendant otherwise than by publication, the summons shall be filed and the clerk's fee and suit tax paid within 10 days after the earliest such service.

"(b) . . .

"(2) If the summons is not filed and the clerk's fee and suit tax are not paid as required by sub. (1), any party upon whom the summons was served may file his copy of the summons, without payment of suit tax or clerk's fee, and shall be entitled, upon application and notice thereof to plaintiff, to an order requiring plain-

tiff to file the original summons or a copy thereof and to pay the clerk's fee and suit tax within a specified time, not exceeding 90 days, after service upon plaintiff of notice of entry of the order. The court may allow costs of motion to the moving party, and if allowed, such costs must be deposited with the clerk, for payment to the moving party, before the summons may be filed. If the summons is not filed and payments are not made within the time specified in the order, the moving party may pay the clerk's fee and suit tax and have a judgment, without further notice, dismissing the action as to him, without prejudice, and for his costs of motion, if allowed, and his disbursements.

"(3) In any event, if the summons, or a copy which was served on any defendant, is not filed and the clerk's fee and suit tax are not paid within one year after the earliest service on any defendant in the action, service made on any defendant in the action shall lose all force and become void, as if never made . . . The effective date of this subsection is May 1, 1965."

This statute was published as a rule of the supreme court adopted January 20, 1964. Subs. (1) and (2) were made effective May 1, 1964, and sub. (3) was made effective May 1, 1965.

From the agreed facts it appears that the summons was served on November 12, 1964, and that it was not filed (assuming the deposit with the deposition did not constitute filing) until January 3, 1966. A literal application of sec. 262.13 (3), Stats., would require the court to declare the service of the summons to be void.

The trial court approached the issue in terms of whether sec. 262.13 (3), Stats., is "procedural" or "substantive." It determined that the subsection deals with the process and procedure by which jurisdiction is obtained, and as such is part of law of procedure and not part of the substantive law. The trial court stated, however, that the statute gives a defendant the right to come into court and have an action dismissed where the summons has not been filed and fees not paid within one year of the service of the summons. As such, it said that the

statute affects vested and contractual rights and where the statute of limitations has run a vested right of action may be extinguished. In the instant case the statute of limitations would ordinarily have run May 15, 1965. Sec. 893.205, Stats. Thus the trial court held that the statute could not be given retroactive effect because although it is procedural in effect it is substantive in application.

The principal argument of the plaintiff-respondent is that an application of the statute affects a vested right of the plaintiff, that the rule is therefore substantive in effect, and is not to be applied retrospectively.

In *Steffen v. Little* (1957), 2 Wis. (2d) 350, 357, 358, 86 N. W. (2d) 622, we stated:

"While statutes in general are construed prospectively the rule is otherwise with statutes whose operation is procedural or remedial. In *State ex rel. Davis & Starr Lumber Co. v. Pors* (1900), 107 Wis. 420, 427, 83 N. W. 706, we quoted Chancellor Kent as follows:

" ' "This doctrine [prospective construction of statutes only] is not understood to apply to remedial statutes, which may be of a retrospective nature, provided that they do not impair contracts or disturb absolute vested rights, and only go to confirm rights already existing and in furtherance of the remedy, by curing defects and adding to the means of enforcing existing obligations." '

"In *Pawlowski v. Eskofski* (1932), 209 Wis. 189, 192, 244 N. W. 611, we said: 'It is true as a general rule that statutes that are remedial only are retroactive, . . .' In *State ex rel. Schmidt v. District No. 2* (1941), 237 Wis. 186, 190, 295 N. W. 36, we said: '. . . it is a fundamental rule of statutory construction that a retroactive operation is not to be given so as to impair an existing right or obligation *otherwise than in matters of procedure,* unless that effect cannot be avoided without doing violence to the language of the enactment.' (Emphasis supplied.)"

The plaintiff-respondent's real concern is that if the service of the summons is held to be void his cause of action for personal injuries is barred by the three-year statute of limitations.[1] (The injury occurred May 14,

---

[1] See sec. 330.205, Stats., renumbered sec. 893.205.

1962, and the summons served on the defendant November 12, 1964. The statute of limitations would be tolled if the service of the summons is not void.)

The plaintiff contends that on the date of service, November 12, 1964, he acquired a vested right to pursue his personal injury action and that on this date he had no obligation to file his summons within one year from the date of service.

Sec. 262.13, Stats., originated as a court rule pursuant to sec. 251.18. It was adopted by the court January 14, 1964, and published on January 20, 1964. Subs. (1) and (2) were made effective May 1, 1964, and sub. (3) on May 1, 1965.

Sub. (1) was effective on the date of the service of the summons, November 12, 1964. This subsection required the plaintiff to file his summons and pay the suit tax and clerk's fees within ten days. Sub. (3) had also been published and was notice to the plaintiff that service of the summons could be declared void after May 1, 1965, unless the summons was filed and suit tax and clerk's fees paid within one year. This section had been published sixteen months before its effective date and twenty months before its application to the case at hand.

Sec. 262.13 (3), Stats., did not jeopardize the plaintiff's right to assert his cause of action. It in no way diminished the period of the statute of limitations provided he proceeded as required by sec. 262.13. We conclude that sec. 262.13 (3) is a procedural statute and should be applied to the service of the summons in this case. We do not perceive that its application affects any substantive rights nor that it imposes an unreasonable burden upon the plaintiff as to its procedural requirements. Without question, the sixteen-month delay, after publication of its effective date, was to avoid any harshness that might otherwise be visited upon litigants. We hold that sec. 262.13 (3) became effective May 1, 1965, as to any summons served one year prior thereto.

On June 1, 1965, the court commissioner delivered the transcript of the discovery deposition in a sealed envelope to the clerk of court. Included in the sealed envelope was the original summons. It is the contention of the plaintiff that this constituted a filing of the summons. Admittedly the suit tax and the clerk's fees were not paid.

Sec. 326.10, Stats. 1963, provides in part:

". . . The deposition shall in all cases be delivered or transmitted by the officer by whom the same is taken to the clerk of court . . . before whom the action, proceeding or matter is pending, *securely sealed*, and shall remain sealed until opened by such court, [or] clerk . . . ." (Emphasis supplied.)

The term "file" has been defined as follows:

"The word 'file' is derived from the Latin *filum* signifying a thread, and its present application is evidently drawn from the ancient practice of placing papers upon a thread, or wire, for safe-keeping. The origin of the term clearly indicates that the filing of a paper can only be effected by bringing it to the notice of the officer, who anciently put it upon the thread or wire; and, accordingly, under the modern practice, the filing of a document is now generally understood to consist in placing it in the proper official custody by the party charged with the duty of filing it, and the receiving of it by the officer, to be kept on file." Anno. 15 Am. St. Rep. 294; 41 Am. Jur., Pleading, p. 509, sec. 316.

Upon the filing of a summons the clerk of court is obligated to assign a number to each case, prepare a docket listing the parties, keep it available for public inspection, and collect suit tax and clerk's fees.[2]

The clerk of court is not obligated to unseal the deposition and had no way of knowing that the summons was enclosed therein, nor that it was being offered for filing. No docket or record of the case was made nor was suit tax and clerk's fees paid. The mere enclosure of a sum-

---

[2] See secs. 59.39, 59.43, 269.33, Stats.

mons in the sealed envelope containing the transcript of a deposition is not sufficient to constitute filing.

The plaintiff-respondent also contends that sec. 262.13 (3), Stats., is invalid because proper notice of hearing was not given.

Sec. 262.13 (3), Stats., came into being as a supreme court rule and as such has the force of a statute.

Authority for promulgating and adopting rules of pleading and practice is contained in sec. 251.18, Stats. 1963, and provides as follows: [3]

"**Rules of pleading and practice.** The state supreme court shall, by rules promulgated by it from time to time, regulate pleading, practice and procedure in judicial proceedings in all courts, for the purpose of simplifying the same and of promoting the speedy determination of litigation upon its merits. Such rules shall not abridge, enlarge or modify the substantive rights of any litigant. Such rules shall not become effective until 60 days after their adoption. All such rules shall be printed by the state printer and paid for out of the state treasury, and the court shall direct the same to be distributed as it may deem proper. All statutes relating to pleading, practice and procedure may be modified or suspended by rules promulgated pursuant hereto. No rule modifying or suspending such statutes shall be adopted until the court has held a public hearing with reference thereto, notice of which shall be given by publication for 3 successive weeks in the official state paper, the expense of such publication to be paid out of the state treasury. Nothing in this section shall abridge the right of the legislature to enact, modify or repeal statutes or rules relating to pleading, practice or procedure. The judicial council shall act in an advisory capacity to assist the court in performing its duties under this section."

[3] The court since its inception and by virtue of its supervisory control over all inferior courts as granted by the constitution has broad powers over the supervision and control of the courts, their procedures, and officers. In this instance we do not explore these powers but confine ourselves to the rule-making power as defined in sec. 251.18, Stats.

In its original report to the supreme court recommending the repeal and re-creation of sec. 262.13, Stats., the judicial council (by virtue of sec. 251.181) recommended the creation of subs. (1) and (2) of what is now sec. 262.13. Sub. (1) requires filing of the summons within ten days of service where service is otherwise than by publication, and requires filing before service by publication. Sub. (2) spells out the consequences, after nineteen days and within ninety days of service, of the plaintiff's failure to file his summons. Notice of the hearing, published October 25, November 1, and November 8, 1963, stated that the hearing would concern the "repeal and re-creation of section (rule) 262.13," and noted that copies of the judicial council report could be obtained from the clerk of the supreme court. Hearing on the matter was held in the supreme court room on November 29, 1963. No transcript, minutes or record of appearances at the hearing were taken. The supreme court added sub. (3) to spell out the consequence of failure to file the summons within one year. There is no record of the origin of sub. (3), although a letter to Mr. Chief Justice BROWN from the judicial council dated December 20, 1963, indicates that the court made changes in the council's recommended subs. (1) and (2), and in addition proposed that sub. (3) be added. In this letter the judicial council voiced disapproval of the proposed sub. (3) and recommended in its stead an alternative version. Nonetheless, on January 14, 1964, the court adopted the present sec. 262.13 by rule of court, and published notice thereof on January 20, 1964. Subs. (1) and (2) were made effective May 1, 1964, and sub. (3) was made effective on May 1, 1965.

The respondent contends that sub. (3) is invalid because the court failed to comply with the following requirement of sec. 251.18, Stats. 1963:

". . . No rule modifying or suspending such statutes shall be adopted until the court has held a public hearing with reference thereto, notice of which shall be given by publication for 3 successive weeks in the official state paper, . . ."

The respondent submits that sub. (3) is so radically different from what the judicial council originally proposed that the notice and hearing described above cannot fairly be said to comply with the requirement of the statute in regard to sub. (3).

Sec. 251.18, Stats. 1963, provides that no rule modifying a procedural statute shall be adopted by the court "until" the court has held a public hearing "with reference thereto." Notice of the hearing must be published. This court has recognized that it may suspend or modify rules of practice and procedure only after notice and hearing as required by sec. 251.18. *Ozaukee Finance Co. v. Cedarburg Lime Co.* (1954), 268 Wis. 20, 24, 66 N. W. (2d) 686; *Rupp v. Travelers Indemnity Co.* (1962), 17 Wis. (2d) 16, 23, 115 N. W. (2d) 612.

The question in our case is what kind of notice must be given and what kind of hearing must be had in conjunction with the exercise of the court's rule-making power.

The court has held that at the time of the adoption of the state constitution the power to regulate procedure was considered to be essentially a judicial power or at least not a strictly legislative power. The court held that there is no constitutional objection to the delegation of this power to the court by the legislature. *Rules of Court Case* (1931), 204 Wis. 501, 510, 236 N. W. 717. While the court held that sec. 251.18, Stats., is not an unlawful delegation of legislative power, the court recognized the not strictly judicial nature of this power and used a wealth of authority to explain the legitimacy of the court's exercise of this power within the framework of separation-of-powers government. *Rules of Court Case, supra,* pages 503–514. Almost since statehood the court

has recognized that its rules regulating practice before it and before the circuit courts are the law of the land and are binding upon all courts, officers and parties until changed by the court or the legislature. *Attorney General ex rel. Cushing v. Lum* (1853), 2 Wis. 371 (*507).

Sec. 262.13, Stats., as it existed prior to the 1964 repeal and re-creation dealt with the filing of summons, payment of suit tax and dismissal of the action for noncompliance with its terms.[4] The language of the notice was sufficiently explicit to alert those interested to the fact the court was going to reconsider the provisions of the section. Sub. (3) was enacted to prevent abuses ostensibly being perpetrated under the authority of the court, to facilitate the orderly and timely disposition of litigation and provide just penalty for not paying suit tax and clerk's fees. We are convinced that sub. (3) is encompassed within and germane to the general subject matter of the notice published. We also deem it significant that no application to alter or rescind sub. (3) had been made from its date of publication until this appeal.[5] Sub. (3)

---

[4] Sec. 262.13, Stats. 1961. "**Summons, filing; state tax.** (1) The summons shall be filed with the clerk of the court in which the action is brought, and a state suit tax on the action paid, as follows:

"(a) Where there has been personal service within or without this state upon the defendant or substituted service within this state at the defendant's usual place of abode, within 10 days after service of any pleading by defendant, or if defendant is in default, then at the time of applying for judgment.

"(b) Prior to the first publication; and a verified complaint shall be filed at the same time with the summons.

"(2) If the summons is not filed and suit tax paid as required by sub. (1), the action shall be dismissed on motion of any defendant unless the plaintiff immediately files the summons and pays the suit tax plus costs of motion."

[5] The court has consistently invited the bar to participate and make its views known as to creation, amendment or abrogation of court rules. See *Petition of Doar* (1945), 248 Wis. 113, 21 N. W. (2d) 1.

is a valid court rule and became effective as of May 1, 1965.

*By the Court.*—Order reversed, with directions to enter an order declaring the service of the summons void.