FARMERS MUTUAL INSURANCE COMPANY, Plaintiff and Appellant, v. FISCHER, Defendant: GREAT LAKES MUTUAL INSURANCE COMPANY, Defendant and Respondent.

*February 28—April 11, 1967.*

For the appellant there was a brief by *Benton, Bosser, Fulton, Menn & Nehs,* attorneys, and *Peter S. Nelson* of counsel, all of Appleton, and oral argument by *Mr. Nelson.*

For the respondent there was a brief by *Kaftan, Kaftan & Kaftan* of Green Bay, and oral argument by *Arthur Kaftan.*

HEFFERNAN, J. The policy issued by the defendant contained the usual "no-action" clause providing that:

"No action shall lie against the company . . . until the amount of the insured's obligation to pay shall have been

finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company. . . . Nothing contained in this policy shall give any person or organization any right to join the company as a co-defendant in any action against the insured to determine the insured's liability."

The legislature, however, has seen fit to make "no-action" provisions of this type inapplicable under certain circumstances. Sec. 260.11 (1), Stats., provides:

". . . In any action for damages caused by the negligent operation, management or control of a motor vehicle, any insurer of motor vehicles, which has an interest in the outcome of such controversy adverse to the plaintiff or any of the parties to such controversy, or which by its policy of insurance assumes or reserves the right to control the prosecution, defense or settlement of the claim or action of the plaintiff or any of the parties to such claim or action, or which by its policy agrees to prosecute or defend the action brought by the plaintiff or any of the parties to such action, or agrees to engage counsel to prosecute or defend said action, or agrees to pay the costs of such litigation, is by this section made a proper party defendant in any action brought by plaintiff in this state on account of any claim against the insured. The right of direct action herein given against an insurer against liability for damages to persons other than the insured arising out of the negligent operation, management or control of a motor vehicle shall exist whether the policy of insurance sued upon was issued or delivered in the state of Wisconsin or not and whether or not the policy or contract of insurance contains a provision forbidding such direct action, provided the accident or injury occurred in the state of Wisconsin."

It is apparent, therefore, that the insurer may be made a party defendant only when the damage alleged has been caused by the negligent operation, management, or control of the motor vehicle. The question presented on this appeal and under the admitted state of facts is whether the driving of an automobile which the insured knew, or

should have known, was in a state of combustion constituted a negligent operation, management, or control of a motor vehicle. As presented, this determination was a question of law to be properly disposed of on a motion for summary judgment. Sec. 260.11 (1), Stats., has been construed on several occasions by this court. In *Wiedenhaupt v. Van Der Loop* (1958), 5 Wis. (2d) 311, 92 N. W. (2d) 815, a semitrailer was parked and was being unloaded. The plaintiff broke through the wooden platform of the semitrailer and was injured. We therein held that the "no-action" clause did not prevent the direct suit of the insurance company even though the vehicle was not then in motion. This court held at page 317:

"Sec. 260.11 is cast in terms of a cause of action for damages caused by the negligent operation, management, or control of a motor vehicle. The complaint alleges the cause of action within the meaning of these terms. The two facts relied upon by the appellant, namely, the truck was parked and not in motion, and no one was at the wheel of the vehicle at the time of the accident, do not necessarily take the situation out of or make the cause of action one not covered by sec. 260.11, 30 W. S. A., p. 39. The words 'operation, management, or control of a motor vehicle' appearing in sec. 260.11, 30 W. S. A., p. 39, cannot be construed narrowly to mean a motor vehicle must be moving, no matter how slowly, in order for the section to apply. This section is remedial and must be liberally construed. The word 'operation' is not to be restricted to only a moving vehicle, and the word 'control' cannot be construed to apply only to a situation where a person is sitting behind the wheel of a motor vehicle. Here the defendant Hauser drove the semitrailer to the farmyard and backed it up to the barn to load it with hay for immediate transportation. While the truck and trailer was being used and operated for that purpose and while under the direction of the defendant the plaintiff was injured. We see no difference between the semitrailer striking the plaintiff and his foot breaking through the floor board of the trailer where both resulted from the negligent operation of the semitrailer by the defendant."

Subsequently, in *Frye v. Angst* (1965), 28 Wis. (2d) 575, 137 N. W. (2d) 430, the owner of an automobile asked his brother to make some repairs to his car. The brother, the defendant in the action, took possession of the automobile and negligently removed the fuel pump, allowing a large quantity of gasoline to escape into a grease pit. The gasoline vapors ignited, and the plaintiff, who was assisting in making repairs, was severely burned. This court held in that case that the "no-action" clause was applicable and was not superseded by sec. 260.11 (1), Stats., which permits direct action in the event of the negligent operation, management, or control of the motor vehicle. It was concluded therein that the negligent acts involved maintenance, and while sec. 204.-30 (4) provides for direct liability for an insurer, an allegation or proof of negligent maintenance does not permit direct action. A suit joining the insurance company as a party is permitted in the face of a "no-action" clause only when the negligence is for operation, management, or control. The *Frye Case* makes it apparent that the scope of sec. 260.11 (1) is a relatively narrow one and was not meant to include all negligence actions in which a car, no matter how remotely, is involved.

The *Wiedenhaupt Case* emphasized that the vehicle need not be in motion but that sec. 260.11 (1), Stats., was applicable if the vehicle were in use or operation, in that case for unloading purposes. The *Frye Case* involved a maintenance situation, and the court therein took the opportunity to emphasize that the usual applicability of sec. 260.11 (1) would be in reference to a moving automobile. The court, *supra,* page 582, stated:

"The language 'operation, management or control' has a familiar ring in automobile accident litigation. For decades lawyers and judges have spoken of management and control as elements in the manipulation of a moving motor vehicle in considering the negligence of the driver."

A more recent case, *Hakes v. Paul,* ante, p. 209, 148 N. W. (2d) 699, permitted direct action where a wagon was pulled by a tractor onto the highway and was left there. The court held that parking and leaving the wagon was in itself negligent operation of the tractor, stating at page 217:

"All that should be necessary to permit a direct action against an insurance carrier is that the negligence causing the accident be reasonably related to the use of the tractor."

Although we pointed out in *Frye v. Angst* that sec. 260.11 (1), Stats., was not to be "construed beyond the scope of the legislature's intention," yet this court in both *Frye, supra* at page 582, and *Wiedenhaupt, supra* at page 317, determined that the section is remedial and must be liberally construed. Its obvious purpose was to permit the direct joinder of an insurance company when the negligent acts were of the nature set forth in sec. 260.11 (1).

A review of the facts makes it clear that the insurance company is not shielded from direct action under the circumstances of this case. The trial judge correctly stated that Fischer left the automobile in the garage while combustion was occurring therein. It is apparent from the admitted facts that, additionally, Fischer drove the automobile into the garage when he knew, or should have known, that combustion was taking place within the vehicle. The negligence with which this court is concerned in the case at bar is not the possible negligence in permitting a cigarette to be carelessly thrown into the car or in leaving the automobile, which thereafter ignited, but rather the negligence consisted in what he did with the automobile knowing its condition. In this case he continued to drive it and parked it at the point where it subsequently ignited the garage and building.

Applying the test used in *Hakes*, the negligence causing the accident was reasonably related to the use of the motor vehicle.

It was the use to which this vehicle was put in its known condition that is relevant in this lawsuit. It could not be seriously argued that the driving of a vehicle with defective brakes when there is knowledge that those brakes are defective is merely a defect in maintenance. The use of the vehicle under those circumstances would be negligent operation. We conclude that the same analysis is applicable here. Just as it is negligent operation to drive a car with faulty brakes on the highway, so also is it negligent operation to drive a burning car into a position where it can cause harm to persons or property. It matters not whether the driver, a third person, or spontaneous combustion started the fire. What is determinative of whether direct action will lie is that the driver, knowing of this burning condition, drove the vehicle into a position where it caused the damage complained of.

The order granting the summary judgment must therefore be reversed.

The appellants contend, both in briefs and oral argument, that in the event this case is reversed, in view of the defendant's admissions by way of affidavits in the summary judgment proceedings, the defendant is foreclosed from further proof on liability, and the only question remaining is one of damages. We do not agree.

In this case the defense raised by way of summary judgment was analogous to a plea in abatement, and the material facts that were established on the motion for summary judgment were those that went to the question of whether the plaintiff's cause of action could be asserted against the defendant insurance company at the present time before obtaining a judgment against the insured. The summary judgment below and the decision on this appeal do not resolve the merits of the controversy.

We only determine on the basis of the facts which have been assumed by the parties and the court for the purpose of determining whether the defendant insurance company may be sued directly. This, of course, is considerably less than making a determination that there should be a recovery against either Fischer or the automobile liability insurer. When a court decides on summary judgment that direct action can be brought within the provisions of sec. 260.11 (1), Stats., the defendant can nevertheless, with no inconsistency, thereafter dispute the facts material to the existence of a cause of action. The trial that thereafter ensues must be on all of the issues raised by the complaint and answer. As this court stated in *Truesdill v. Roach* (1960), 11 Wis. (2d) 492, 499, 105 N. W. (2d) 871, under the summary judgment statute, sec. 270.635, the defendants are entitled to judgment if the proof of their defense is sufficient to defeat the plaintiff. Such proof need not necessarily defeat the plaintiff's cause of action. The summary judgment in this matter is not upon the merits. It was, in effect, a motion for summary judgment based upon a plea in abatement, and further trial on all issues must be had.

*By the Court.*—Order reversed.

HANSEN, J., took no part.