HASSELSTROM, Appellant, v. REX CHAINBELT, INC., and others, Defendants: ROYAL INDEMNITY COMPANY, Respondent.

*No. 71. Argued March 1, 1971.—Decided March 30, 1971.*
(Also reported in 184 N. W. 2d 902.)

488

For the appellant there were briefs by *Ray T. McCann,* attorney, and *Leonard L. Loeb* of counsel, both of Milwaukee, and oral argument by *Mr. Loeb.*

For the respondent there was a brief by *Gibbs, Roper & Fifield* of Milwaukee, and oral argument by *Richard S. Gibbs.*

BEILFUSS, J. The issues presented are as follows:

(1) Was Royal Indemnity's motion for summary judgment defective because the affidavit supporting the motion failed to incorporate the entire insurance policy?

(2) Can Royal Indemnity be made a party to the action under the terms of its policy by virtue of the direct-action statute, sec. 260.11 (1), as it existed at the time of the accident?

(3) Can the 1967 and 1969 amendments to the direct-action statute be applied retroactively?

The only part of the insurance policy made a part of the motion for summary judgment was a quotation of the no-action clause in the affidavit of the claims' manager of Royal Indemnity. The quotation is as follows:

" '13. ACTION AGAINST COMPANY. No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.' "

Sec. 270.635, Stats., the summary judgment statute, provides in part:

"(2) The judgment may be entered in favor of either party, on motion, upon the affidavit of any person who has knowledge thereof, setting forth such evidentiary facts, including documents or copies thereof, as shall, if the motion is by the plaintiff, establish his cause of action sufficiently to entitle him to judgment; and, if on behalf of the defendant, such evidentiary facts, including documents or copies thereof, as shall show that his denials or defenses are sufficient to defeat the plaintiff, together with the affidavit of the moving party, either that he believes that there is no defense to the action or that the action has no merit (as the case may be) unless the opposing party shall, by affidavit or other proof, show facts which the court shall deem sufficient to entitle him to a trial."

The appellant claims on this appeal that Royal Indemnity's affidavit in support of its motion was fatally defective because it failed to include the entire insurance policy. This court has held that the burden of proof on the moving party requires that it must produce the documents supporting its motion. If such documents are available, they, or copies thereof, should be made a part of the motion. An affidavit purporting to state only a

part of the contents will not ordinarily [1] satisfy the command of the statute. *Kubiak v. General Accident Fire & Life Assur. Corp.* (1962), 15 Wis. 2d 344, 113 N. W. 2d 46.

While appellant is probably correct in his assertion that the instant affidavit does not satisfy the statute, this procedural inadequacy is raised as a defense for the first time on appeal. As this court has often noted, had this question been raised in the trial court and respondent's affidavit been found insufficient, it would have been entitled to renew its motion upon the submission of affidavits in compliance with sec. 270.635 (2), Stats. *De Salvo v. Howell Plaza, Inc.* (1968), 38 Wis. 2d 167, 170, 156 N. W. 2d 473; *West Side Bank v. Marine Nat. Exchange Bank* (1968), 37 Wis. 2d 661, 665, 666, 155 N. W. 2d 587, and cases cited therein. As the court stated in the *West Side Bank Case,* it would be unjust to allow the appellant to prevail upon this argument raised for the first time in this court. We therefore conclude that the appellant has waived any insufficiency in the motion for summary judgment because of the failure to produce or incorporate the whole insurance policy in the motion or affidavit in support of the motion.

The appellant contends that the no-action clause is ineffective because the accident and injury arose from the operation of the motor vehicle and the right to bring an action is permitted by sec. 260.11 (1), Stats.

The questions of direct liability of Royal Indemnity to the appellant and of coverage under the policy are not raised by this motion. Rather, the sole question is whether Royal Indemnity may be named as a party to the action before liability under the policy is established.

The accident involved in this case occurred in September, 1964. Thus, the two pertinent statutes here are secs. 204.30 (4) and 260.11 (1), 1963, which provide:

[1] *See Shellow v. Hagen* (1960), 9 Wis. 2d 506, 101 N. W. 2d 694.

"204.30 **Accident insurance, highway traffic, policy provisions.** . . .

"(4) Any bond or policy of insurance covering liability to others by reason of the *operation* of a motor vehicle shall be deemed and construed to contain the following conditions: That the insurer shall be liable to the persons entitled to recover for the death of any person, or for injury to person or property, irrespective of whether such liability be in praesenti or contingent and to become fixed or certain by final judgment against the insured, when caused by the negligent *operation, maintenance, use or defective construction of the vehicle* described therein, such liability not to exceed the amount named in said bond or policy." (Emphasis added.)

"260.11 **Who as defendants.** (1) . . . In any *action* for damages caused by the *negligent operation, management or control of a motor vehicle*, any insurer of motor vehicles, which has an interest in the outcome of such controversy adverse to the plaintiff or any of the parties to such controversy, or which by its policy of insurance assumes or reserves the right to control the prosecution, defense or settlement of the claim or action of the plaintiff or any of the parties to such claim or action, or which by its policy agrees to prosecute or defend the action brought by the plaintiff or any of the parties to such action, or agrees to engage counsel to prosecute or defend said action, or agrees to pay the costs of such litigation, is by this section made a proper party defendant in any action brought by plaintiff in this state on account of any claim against the insured. The right of direct action herein given against an insurer against liability for damages to persons other than the insured arising out of the negligent operation, management or control of a motor vehicle shall exist whether the policy of insurance sued upon was issued or delivered in the state of Wisconsin or not and whether or not the policy or contract of insurance contains a provision forbidding such direct action, provided the accident or injury occurred in the state of Wisconsin." (Emphasis added.)

We believe this case is controlled by *Frye v. Angst* (1965), 28 Wis. 2d 575, 579, 137 N. W. 2d 430:

"Sec. 204.30 (4), Stats., provides for the direct *liability* of the insurer to the injured party when the conditions of that section are met. Sec. 260.11 (1) is a procedural statute to allow direct *action* by the injured party against the insurer when the conditions of that section are met."

This court has consistently held that while the sections are related, they are separate and have separate effects. Direct liability is not the same as the right to bring a direct action. The standard no-action clause, such as that involved in this case, is not inconsistent with the direct-liability statute, and is to be given limited effect under these sections as they existed at the time of this accident. The result is that where an action is grounded on the alleged negligent maintenance or defective construction of a vehicle, the no-action clause is given effect; whereas, when the action is grounded upon the alleged negligent operation, management or control of the vehicle, the clause is ineffective and direct action is proper even before the insured's liability has been determined. Therefore, the question here becomes whether the accident arose out of defendant's alleged negligent operation of the vehicle as appellant contends, or out of defendant's alleged negligent maintenance of the vehicle as respondent contends.

In support of his position the appellant cites *Wiedenhaupt v. Van Der Loop* (1958), 5 Wis. 2d 311, 92 N. W. 2d 815, and *Kanios v. Frederick* (1960), 10 Wis. 2d 358, 103 N. W. 2d 114. Both cases are distinguishable on their facts. In *Wiedenhaupt* the insured had driven to the place where the accident occurred and where the truck was being used when the accident occurred. In *Kanios* the operator of the vehicle stopped and gave a hand signal. Liability was claimed based upon the act of the operator.

In *Frye v. Angst, supra,* the defendant was repairing an auto and negligently allowed a large quantity of

gasoline to escape into a grease pit. The gasoline vapors ignited and the plaintiff, who was assisting in the repairs, was severely burned. The court concluded that the negligent acts involved maintenance and held that the no-action clause in the insurance policy was applicable. In the opinion the court took the opportunity to emphasize that the usual applicability of sec. 260.11 (1), Stats. 1963, would be in reference to a moving vehicle. The court stated at page 582:

". . . 'Maintenance' of an automobile has never been considered a part of operation, or of management and control. Maintenance connotes a state of physical repair; management and control refers to the manner of its use. And even in their dictionary senses these words do not readily admit of the inclusion of maintenance." *Also see: Farmers Mut. Ins. Co. v. Fischer* (1967), 34 Wis. 2d 322, 328, 329, 149 N. W. 2d 566.

In *Graf v. Bloechl* (1967), 36 Wis. 2d 635, 154 N. W. 2d 340, the plaintiff was injured in a fire which resulted from an attempt to start an automobile engine which was being repaired. The court found this to be an act of maintenance, and therefore beyond the applicability of sec. 260.11 (1), Stats. 1963. In commenting on the scope of sec. 260.11 (1), the court stated at page 641:

". . . They do point out that this court has adopted a rule of liberal construction of sec. 260.11 (1). However, a liberal construction can go no further than the scope of the words of the statute. The common thread running through these cases is that the act claimed to be negligent must be reasonably related to the actual use as a motor vehicle to be included within the statutory words 'operation, management or control.' " *Also see: Hakes v. Paul* (1967), 34 Wis. 2d 209, 148 N. W. 2d 699.

In this case appellant was struck in the head by a pressure cap on the ready-mix unit as he tried to remove it. He alleges that this occurred because the pres-

sure cap was defective. The allegedly negligent act of respondent's insured, Fred Olson, in failing to repair or replace the defective pressure cap clearly connotes a matter of physical disrepair, and in no way relates to the manner in which the cement truck was used or operated by Fred Olson. In fact, appellant's complaint specifically alleges that Fred Olson's negligence consisted of improperly inspecting and maintaining the unit. Portions of the complaint allege as follows:

"5. . . . and the said plaintiff sustained severe and extensive personal injuries and damages as hereafter alleged as a result, upon information and belief, of the carelessness and negligence of the third-party defendant, Fred Olson Motor Service Company's maintenance of said vehicle and equipment thereon as more particularly alleged hereinafter which motor vehicle was insured by Royal Indemnity Company, . . .

"6. That upon information and belief that said ready-mix equipment was in defective condition as a result of the careless and negligent inspection and maintenance by Fred Olson Motor Service Company; that said defective condition arose because of the improper inspection, maintenance, servicing and repair of said equipment by Fred Olson Motor Service Company, which services, upon information and belief, it was obligated to perform; that because of said improper inspection, maintenance, servicing, and repair of said equipment which required diligence because of its inherent nature, it was unreasonably dangerous to users and consumers; that said carelessness and negligence was a substantial factor in causing the plaintiff's injuries; that said Fred Olson Motor Service Company was engaged in the business of leasing and furnishing such equipment and that said ready-mix equipment was equipment which Fred Olson Motor Service Company expected to and did assume the duty of maintenance, repair, and replacement of the equipment such as the cement truck and cement mixer involved herein and knew or should have known of the defective pressure cap on the water tank and created the damages involved herein."

Therefore, any negligence on the part of respondent Royal Indemnity's insured, Fred Olson, involved the "maintenance" of the ready-mix cement truck, and not its "operation, management or control" of the vehicle. Sec. 260.11 (1), Stats. 1963, does not contravene the no-action clause in the insurance contract, and the trial court properly dismissed Royal Indemnity as a party on the grounds that the action against it was brought prematurely.

Chapter 14, Laws of 1967, which became effective on April 1, 1967, nullified the effect of the decisions in *Frye* and *Graf, supra,* by expanding the direct-action statute, sec. 260.11 (1), to include actions for damages caused by the negligent maintenance, use or defective construction of a motor vehicle. Ch. 198, Laws of 1969, which became effective on November 9, 1969 (after the oral argument but prior to the trial court's decision on this motion), eliminated the limitations of the applicability of sec. 260.11 (1) to motor vehicle actions, and expanded the statute to accord direct action to all negligence actions.

Based upon appellant's complaint and the nature of the accident in this case, the trial court premised its decision on the fact that this action is based upon negligent maintenance of the vehicle rather than its operation. Therefore it framed the issue before it as whether the 1967 and 1969 amendments to sec. 260.11 (1), Stats., are to be applied prospectively or retroactively in joining an insurer in spite of a no-action clause in the insurance contract.

As noted by the trial court in its memorandum decision, the "procedural-substantive" test to determine the retroactive or prospective application of a statute was recently restated in *Mosing v. Hagen* (1967), 33 Wis. 2d 636, 148 N. W. 2d 93, where the court said, at page 641:

"In *Steffen v. Little* (1957), 2 Wis. (2d) 350, 357, 358, 86 N. W. (2d) 622, we stated:

" 'While statutes in general are construed prospectively the rule is otherwise with statutes whose operation is procedural or remedial. In *State ex rel. Davis & Starr Lumber Co. v. Pors* (1900), 107 Wis. 420, 427, 83 N. W. 706, we quoted Chancellor Kent as follows:

" ' "This doctrine [prospective construction of statutes only] is not understood to apply to remedial statutes, which may be of a retrospective nature, provided that they do not impair contracts or disturb absolute vested rights, and only go to confirm rights already existing and in furtherance of the remedy, by curing defects and adding to the means of enforcing existing obligations." '

" 'In *Pawlowski v. Eskofski* (1932), 209 Wis. 189, 192, 244 N. W. 611, we said: "It is true as a general rule that statutes that are remedial only are retroactive, . . ." In *State ex rel. Schmidt v. District No. 2* (1941), 237 Wis. 186, 190, 295 N. W. 36, we said: ". . . it is a fundamental rule of statutory construction that a retroactive operation is not to be given so as to impair an existing right or obligation *otherwise than in matters of procedure,* unless that effect cannot be avoided without doing violence to the language of the enactment." (Emphasis supplied.)' "

In our opinion the trial court correctly decided that the issue before it was controlled by *Pawlowski v. Eskofski* (1932), 209 Wis. 189, 244 N. W. 611, in which this court, applying the general rules set out in *Mosing v. Hagen, supra,* held that sec. 260.11, Stats., as enacted in 1931, could not nullify the effect of a no-action clause of a policy issued prior to the effective date of the statute because to do so would impair contractual rights of the insurer in violation of the United States Constitution. There, this court said at pages 192, 193, 194:

"It is true as a general rule that statutes that are remedial only are retroactive, and it is also true that prior enactments similar to the one in suit have been stated in opinions of this court to be remedial. But statutes are not to be given retroactive effect if so doing will deprive the parties to the contract of a valuable right. The decisions of the United States supreme court upon questions arising under the contract clause of the

United States constitution are of course conclusive upon this court. That court long ago held that any statute, whether remedial or not, that operated to deprive a party to a contract antedating the enactment of the statute of any valuable right secured to him by that contract is void as to that contract. *Edwards v. Kearzey,* 96 U. S. 595. If a statute substantially lessens the value of a preexisting contract the constitutional provision bars application of it to the contract. Many decisions of the supreme court of the United States have so held. . . .

"...

"That the contract provision here involved merely postpones the time of enforcement of the contract does not render it subject to the objection that it does not materially lessen the value of the contract or make the impairment immaterial or unsubstantial. . . ."

We conclude that sec. 260.11 (1), Stats., as amended by ch. 14, Laws of 1967, and ch. 198, Laws of 1969, should be applied prospectively as of their publication dates, and not retroactively.

*By the Court.*—Judgment affirmed.